**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

Elaine Aghaeepour, Ashley Glasgow,
Julie Higgins, Shane Moore, Michele Norris, Jesus
Rivera, Schilco, Inc., and Ray Schilber,                    14 CV 5449 (NAR)

                        Plaintiffs,

                - against -

Northern Leasing Systems, Inc.; MBF Leasing,
LLC; Lease Finance Group, LLC; Louis Cucinotta,
Jennifer Nugent, Jay Cohen, Sara Krieger, Joseph
I. Sussman, and Joseph I. Sussman, P.C.,

                        Defendants.
-----------------------------------------------------------------x


### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT


Dated: Ossining, New York        **Chittur & Associates, P.C.**
        April 15, 2015           Central Westchester Business Park
                                 500 Executive Boulevard Suite 305
                                 Ossining, New York 10562

                                 Attorneys for Plaintiffs

# TABLE OF CONTENTS

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    The Complaint Meets the Pleading Requirements of Rules 8(a) and 9(b). . . . . . . 3

      A.    The FAC Provides Sufficient Details Concerning Each Defendant . . . . . . . 4

      B.    Plaintiffs Need Not Plead Details Solely Within Defendants' Knowledge. . 5

      C.    Defendants' Cases Are Readily Distinguishable. . . . . . . . . . . . . . . . . . . . . . 7

II.   Claims of Glasgow, Moore and Norris Are Not Barred By *Res Judicata*. . . . . . . . 8

      A.    *Res Judicata* Is Inapplicable Because Defendants' Fraud Was "Merely a
            Means to Accomplishment of a Larger Fraudulent Scheme" Much
            "Greater In Scope" Than Issues Determined in the City Civil Court. . . . . . 8

      B.    In Any Event, *Res Judicata* is Inapplicable. . . . . . . . . . . . . . . . . . . . . . . . . 10

III.  Fraudulent Lawsuits May Constitute RICO Predicate Acts. . . . . . . . . . . . . . . . . 11

      A.    Fraudulent Lawsuits May Constitute Mail/Wire Fraud. . . . . . . . . . . . . . . 11

      B.    Fraudulent Lawsuit May Constitute Extortion. . . . . . . . . . . . . . . . . . . . . . 12

      C.    Defendants' Cases Are Readily Distinguishable. . . . . . . . . . . . . . . . . . . . . 16

      D.    Defendants' Activities Constituted Extortion under New York Law. . . . . 17

IV.   The Claims Under Section 349, G.B.L., are Viable. . . . . . . . . . . . . . . . . . . . . . . . 17

      A.    Defendants' Racketeering Scheme Affected the Public Interest. . . . . . . . . 17

      B.    The 349 Claims Are Not Preempted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

      C.    Non-Residents' Claims Are Not Automatically Barred. . . . . . . . . . . . . . . . 19

            1.    The Second Circuit's Ruling in *Cruz* Is Controlling, and Upholds
                  349's Applicability Here. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

            2.    The Deception And the Transactions Took Place Here. . . . . . . . . . 21

            3.    Defendants Are Judicially Estopped . . . . . . . . . . . . . . . . . . . . . . . . . 21

   4.  Defendants' Cases Are Distinguishable. . . . . . . . . . . . . . . . . . . . . . . 22

V.  Mr. Moore's and Mr. Rivera's NYFCRA Claims Are Not Time-Barred. . . . . . . . . 23

VI.  Plaintiffs Have Pleaded Actual Damages For Purposes of Negligent Violation
   Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

VII.  Non-Residents May Also Assert NYFCRA Claims. . . . . . . . . . . . . . . . . . . . . . . . . . 24

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

*4 K & D Corp. v. Concierge Auctions, LLC*,
2014 WL 904451 (S.D.N.Y. Mar. 10, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Adelphia Recovery Trust v. HBC Bank, USA (In re Adelphia Recovery Trust)*,
634 F.3d 678, 696 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Alliance Network, LLC v. Sidley Austin LLP*,
987 N.Y.S.2d 794, 803 (Sup. Ct. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Allstate Ins. Co. v Elzanaty*,
2013 WL 65986 (E.D.N.Y. Jan. 7, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Allstate Ins. Co. v Liberty Lines Tr., Inc.*,
50 A.D.3d 712, 713 (2nd Dep't 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Andrea Doreen Ltd. v. Building Material Local Union 282*,
299 F.Supp.2d 129, 149 (E.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Angermeir v. Cohen*,
14 F. Supp 3d 134 (S.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5

*Anwar v Fairfield Greenwich Ltd.*,
728 F Supp 2d 372, 405-06 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Assoun v. Assoun*,
2015 WL 110106, at *2 (S.D.N.Y. Jan. 7, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Atuahene v City of Hartford*,
10 Fed Appx 33, 34 (2d Cir 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Averbach v. Rival Manufacturing Co.*,
809 F.2d 1016 (3d Cir.), *cert. denied,* 482 U.S. 915 (1987) . . . . . . . . . . . . . . . . . . . . . . . 12

*Avery v. State Farm Mut. Auto. Ins. Co.*,
216 Ill. 2d 100, 186 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Bank v Green Bullion Fin. Services, LLC*,
31 Misc 3d 53 (App. Term. Sup Ct 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Barnes v Pozzi*,
2012 WL 3155073, *4 (S.D.N.Y. Aug. 3, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

i

*Bates v. Long Island R.R. Co.,*
997 F.2d 1028, 1037 (2d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.,*
2014 WL 4054240, at *11 (S.D.N.Y. Aug. 15, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Boritzer v Calloway,*
2013 WL 311013 (S.D.N.Y. Jan. 24, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Building Industry Fund v. Local Union No. 3, Intern. Broth. of Elec. Workers, AFL-CIO,*
992 F.Supp. 162, 176 (E.D.N.Y. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*C & W Constr. Co. v. Brotherhood of Carpenters and Joiners, Local 745,*
687 F.Supp. 1453, 1467 (D.Haw.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Chevron Corp. v. Donziger,*
2013 WL 98013, at *5 (S.D.N.Y. Jan. 7, 2013) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Columbia Pictures Industries, Inc. v. Professional Real Estate Investors, Inc.,*
944 F.2d 1525, 1529 (9th Cir. 1991), *aff'd sub nom, Professional Real Estate Investors v. Columbia Pictures Indus.,* 508 U.S. 49 (1993).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Crawford v. Franklin Credit Management Corp.,*
758 F.3d 473 (2nd Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cruz v. FXDirectDealer, LLC,*
720 F.3d 115 (2d Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*CSX Transp., Inc. v Gilkison,*
2012 WL 1598081, *12 (N.D.W.Va. May 3, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Curtis & Assoc., P.C. v Law Offices of David M. Bushman, Esq.,*
758 F Supp 2d 153 (E.D.N.Y. 2010), *affd,* 443 Fed Appx 582 (2d Cir 2011). . . . . . . . . . . 16

*Deem v. Lockheed Corp.,*
749 F.Supp. 1230 (S.D.N.Y.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*DeFalco v. Bernas,*
244 F.3d 286, 313 (2nd Cir. 2001).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*DirecTV, Inc. v. Lewis,*
2005 WL 1006030, *7 (W.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

ii

*DiVittorio v. Equidyne Extractive Indus .,*
822 F.2d 1242, 1248 (2d Cir. 1987) ................................................. 6

*Drizin v. Sprint Corp.,*
12 A.D.3d 245 (1st Dep't 2004) .................................................. 22

*Eazypower Corp. v. ICC Innovative Concepts Corp.,*
2002 WL 31473813,  *2 (N.D.Ill. 2002) ........................................ 14

*Elias v City of New York,*
2010 WL 5475809, *3 (E.D.N.Y. Dec. 30, 2010) ................................. 7

*Eller v. Trans Union LLC,*
2013 WL 1507770, at *2 (D. Colo. Apr. 12, 2013) ............................... 24

*EQT Infrastructure Ltd. v Smith,*
861 F Supp 2d 220, 231 (S.D.N.Y. 2012) ....................................... 6

*Feinstein v. Resolution Trust Corp.,*
942 F.2d 34, 47 (1st Cir. 1991) .................................................. 8

*Florida Evergreen Foliage v. Du Pont,*
135 F.Supp.2d 1271 (S.D.Fla. 2001) ............................................ 15

*Franchise Acquisitions Grp. Corp. v. Jefferson Valley Mall Ltd. P'ship,*
73 A.D.3d 1123, 1123-24 (2nd Dep't 2010)...................................... 10

*G-I Holdings, Inc. v. Baron & Budd,*
179 F.Supp.2d 233, 258 (S.D.N.Y.,2001) ....................................... 16

*Giessen v. Experian Info. Solutions Inc.,*
2014 WL 4058419, at *3 (C.D. Cal. July 2, 2014) ............................... 24

*Gorbaty v. Wells Fargo Bank, N.A.,*
2014 WL 4742509, at *15 (E.D.N.Y. Sept. 23, 2014) ........................... 20

*Goshen v. Mut. Life Ins. Co. of New York,*
98 N.Y.2d 314, 325 (2002)................................................. 19, 20

*H2O Swimwear, Ltd. v. Lomas,*
560 N.Y.S.2d 19, 21 (1st Dep't 1990) .......................................... 18

*Hall American Center Associates Ltd. Partnership v. Dick,*
726 F.Supp  1083, 1096 (E.D.Mich. 1989). ..................................... 15

*Hardy v. Joseph I. Sussman, P.C.,*
953 F. Supp. 2d 102, 109 (D.D.C. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Hernandez v. Ballesteros,*
333 F. Supp. 2d 6, 12 (D.P.R. 2004) *aff'd sub nom.* 449 F.3d 240 (1st Cir. 2006) . . . . . . 7

*Holtkamp v. Parklex Associates,*
30 Misc. 3d 1226(A) (Sup. Ct. 2011) *aff'd,* 941 N.Y.S.2d 874 (2012) . . . . . . . . . . . . . . . 10

*In re Adelphia Recovery Trust),*
634 F.3d 678, 696 (2d Cir. 2011) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*In re Alstom SA,*
406 F.Supp.2d 433, 448 (S.D.N.Y.2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Cabletron Sys., Inc.,*
311 F.3d 11, 30 (1st Cir 2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Scrimpsher,*
17 B.R. 999, 1015 (Bkrtcy. N.D.N.Y. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*In re Sumimoto Copper Litig.,*
995 F.Supp. 451, 456 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Just Film, Inc. v. Merch. Servs., Inc.,*
2011 WL 3809908, at *7 (N.D. Cal. Aug. 29, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Kaufman v. Sirius XM Radio, Inc.,*
474 F. App'x 5, 8 (2d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

*Kraft General Foods, Inc. v. Cattell,*
18 F.Supp.2d 280, 284 (S.D.N.Y. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Krasner v Rahfco Funds LP,*
2012 WL 4069300, *8 (S.D.N.Y. Aug. 9, 2012) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Leider v. Ralfe,*
387 F. Supp. 2d 283, 292 (S.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Lemelson v. Wang Laboratories Inc.,*
874 F.Supp. 430, 434 (D.Mass. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Levit v. Brodner,*
75 B.R. 281, 285 (N.D.Ill.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Liberty Mut. Ins. Co. v Blessinger*,
2007 WL 951905 *2 (E.D.N.Y. Mar. 27, 2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Luce v. Edelstein*,
802 F.2d 49 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Marcilis v Twp. of Redford*,
693 F.3d 589, 593 (6th Cir 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Meekins v. Town of Riverhead*,
20 A.D.3d 399 (2nd Dep't 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Microsoft Corp. v. AGA Solutions, Inc.*,
2007 WL 777756, at *7 (E.D.N.Y. Mar. 12, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Midwest Grinding Co., Inc. v. Spitz*,
976 F.2d 1016,  1021-22 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Miller v. Equifax Info. Servs., LLC*,
2014 WL 2178257, at *5 (D. Or. May 23, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Mills v. Polar Molecular Corp.*,
12 F.3d 1170, 1176 (2d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mountz v. Global Vision Prods., Inc.*,
3 Misc.3d 171 (Sup.Ct. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Nakahara v. Bal*,
1998 WL 35123, at *11 (S.D.N.Y. Jan. 30, 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*New Hampshire v. Maine*,
532 U.S. 742, 749 (2001).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*New York v. Feldman*,
210 F.Supp.2d 294, 301 (S.D.N.Y.2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Newin Corp. v. Hartford Acc. & Indem. Co.*,
37 N.Y.2d 211, 216 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*NRP Holdings LLC v City of Buffalo*,
2012 WL 2873899, *13 (W.D.N.Y. July 12, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Ochre LLC v Rockwell Architecture Planning and Design, P.C.*,
2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Okocha v. HSBC Bank USA, N.A.,*
700 F. Supp. 2d 369, 375 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Park South Associates v. Fischbein,*
626 F.Supp. 1108, 1114 (S.D.N.Y. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Parola v Citibank (S. Dakota) N.A.,*
2012 WL 3940676, *8 (D. Conn Sept. 10, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Pascazi v. Rivera,*
2015 WL 845839, at *3 (S.D.N.Y. Feb. 26, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Peerless Ins. Co. v Micro Fibertek, Inc.,*
67 A.D.3d 978 (2nd Dep't 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*People ex rel. Spitzer v. Direct Revenue, LLC,*
19 Misc. 3d 1124(A) (Sup. Ct. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*People v. Capparelli,*
158 Misc.2d 996 (Sup.Ct.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*People v. Dioguardi,*
8 N.Y.2d 260, 268 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*People v. Spatarella,*
34 N.Y.2d 157, 161-62 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Persaud v. Pharsi,*
70 A.D.3d 660, 661 (2 Dept. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Persaud v. Pharsi,*
70 A.D.3d 660, 661 (2nd Dept. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Phoenix Tech. Intern., LLC v Krones AG,*
2010 WL 818869, *2 (N.D. Ohio Mar. 9, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Premium Mortgage Corp. v. Equifax, Inc.,*
583 F.3d 103, 106 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*RAM I LLC v. New York State Div. of Hous. & Cmty. Renewal,*
123 A.D.3d 102 (1st Dep't 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Reynolds v. Xerox Educ. Servs., Inc.,*
2014 WL 4437622, at *7 (N.D.N.Y. Sept. 9, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Rock City Sound, Inc. v. Bashian & Farber, LLP,*
74 A.D.3d 1168 (2d Dept 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Seldon v. Bernstein,*
503 F. App'x 32, 33 (2d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Serin v N. Leasing Sys., Inc.,*
2009 WL 7823216 (S.D.N.Y. Dec. 18, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5, 18, 23

*Simmons v. Abruzzo,*
49 F.3d 83, 86 (2d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Smith v. RJM Acquisitions, LLC,*
2014 WL 3107291, at *6 (W.D.N.Y. July 7, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Southerland v New York City Hous. Auth.,*
2010 WL 4916935, *2 (E.D.N.Y. Nov. 23, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Specialized Indus. Servs. Corp. v. Carter,*
890 N.Y.S.2d 90, 92 (2nd Dept 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*St. Paul Mercury Ins. Co. v. Williamson,*
224 F.3d 425, 443 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*State Farm Mut. Auto. Ins. Co. v. Makris,*
2003 WL 924615, at *10 (E.D.Pa. Mar.4, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Steiner v MedQuist Inc.,*
2006 WL 2827740, *24 (D.N.J. Sept. 29, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Stewart v. Citimortgage, Inc.,*
996 N.Y.S.2d 638, 639-40 (2nd Dep't 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Tribeca Lending Corp. V. Crawford,*
2010 WL 9432679 (2nd Dep't 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Turkish v. Kasenetz,*
832 F.Supp. 565, 572 (E.D.N.Y. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*U.S. v. Albertson,*
971 F.Supp. 837, 841 (D.Del. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*U.S. v. Brecht,*
540 F.2d 45, 50 n.10 (2nd Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*U1IT4less, Inc. v FedEx Corp.*,
2012 WL 4459377, *10 (S.D.N.Y. Sept. 25, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Clemente*,
640 F.2d 1069, 1076 (2nd Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Eisen*,
974 F.2d 246, 251-54 (2nd Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Hyde*,
448 F.2d 815, 833 (5th Cir.1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Lockhart*,
749 F.3d 148, 152 (2d Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Perkal*,
530 F.2d 604, 607 (4th Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Rastelli*,
551 F.2d 902, 904 (2nd Cir.), *cert. denied,* 434 U.S. 831 (1977). . . . . . . . . . . . . . . . . . . . . 14

*United States v. Rodolitz*,
786 F.2d 77 (2nd Cir.), *cert. denied,* 479 U.S. 826 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Sturm*,
870 F.2d 769 (1st Cir.1989) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Viacom Intern. Inc. v. Icahn*,
747 F.Supp. 205, 211 (S.D.N.Y. 1990), *aff'd*, 946 F.2d 998 (2nd Cir. 1991), *cert denied*,
502 U.S. 1122 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ward v. TheLadders.com, Inc.*,
2014 WL 945011 (S.D.N.Y. Mar. 12, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Wight v. BankAmerica Corp.*,
219 F.3d 79, 89 (2d Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Yencho v. Chase Home Fin. LLC*,
2015 WL 127721, at *4 (S.D.N.Y. Jan. 8, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Zedner v. United States*,
547 U.S. 489, 504 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

At issue is Defendants' racketeering scheme to intimidate out-of- state individuals into paying unwarranted sums of money with fraudulent lawsuits in New York City Civil Court. This Court has already rejected Defendants' arguments in substantially similar actions brought by other victims, *Serin v N. Leasing Sys., Inc.*, 2009 WL 7823216 (S.D.N.Y. Dec. 18, 2009), and *Angermeir v. Cohen*, 14 F. Supp 3d 134 (S.D.N.Y. 2014).[1] Nevertheless, Defendants raise the same arguments, hoping for a different result this time. Defendants' arguments continue to be meritless.

First, Defendants argue that Plaintiffs have "lumped" all Defendants in violation of Rule 8(a) and 9(b), Fed. R. Civ. P. This verges on the frivolous; the 59 page-242 para FAC clearly specifies each Defendants' role and participation in the scheme, even more than the pleadings upheld in *Serin* and *Angermeir*.

Second, Defendants contend that the City Civil Court default judgments against three Plaintiffs' (Glasgow, Moore, and Norris) bars their claims on grounds of *res judicata*. But *res judicata* is inapplicable where the fraud in the earlier lawsuits were merely a means to the accomplishment of a larger fraudulent scheme, which scheme was "greater in scope than the issues determined in the prior proceeding," *Newin Corp. v. Hartford Acc. & Indem. Co.*, 37 N.Y.2d 211, 216 (1975).

Third, Defendants posit that filing fraudulent lawsuits is not a RICO "predicate act". Not so; fraudulent lawsuits are indictable offenses, repeatedly upheld as predicate

---

[1] Defendants' motion should be denied on grounds of *Serin*, *Angermeir,* and *Pludeman* alone. To paraphrase another Court, this Court "need only look to the similar facts in [*Serin*] to reach this conclusion." *NRP Holdings LLC v City of Buffalo*, 2012 WL 2873899, *13 (W.D.N.Y. July 12, 2012).

acts.  In any event, fraudulent lawsuits may comprise extortion.

Fourth, Defendants challenge the 349 claim because their fraudulent lawsuits were "unique" transactions not affecting the public interest.  But as *Serin* held, filing fraudulent lawsuits affects the public interest.  Defendants also argue that the 349 claims based on inaccurate reporting are preempted by the FCRA.  Not so; Plaintiffs' 349 claims are *not* covered by 15 U.S.C. §1681s-2, and thus, not preempted.  Lastly, Defendants assert that Plaintiffs, as non-residents, cannot assert a 349 claim.  This is contrary to settled law.  All material aspects of the transactions at issue took place here.  Equally significant, Defendants themselves enforced the default judgments against Plaintiffs' out-of-State bank accounts, and are judicially estopped from asserting that the underlying transactions were not in New York.

Defendants also raise a slew of other objections:  timeliness of the FCRA/NYFCRA claims by two Plaintiffs (Moore and Rivera); pleading sufficiency of "actual damages" for negligent violations of FCRA, and non-residents' standing to assert NYFCRA claims.  None of these survive scrutiny.  In sum, Defendants' motion is baseless.  It should be denied with costs.

ARGUMENT[2]

This Court is familiar with the well-settled standards governing this motion, *Pascazi v. Rivera*, 2015 WL 845839, at *3 (S.D.N.Y. Feb. 26, 2015) (Roman, J.) ("factual allegations sufficient 'to raise a right to relief above the speculative level,'" citations omitted).  Nevertheless, it does merit emphasis that

---

[2]For the sake of brevity, Plaintiffs incorporate the FAC in its entirety.

> Ultimately, the complaint is not to be measured by whether its factual allegations stand up to the aggressive scrutiny of a skilled lawyer, but by whether it is minimally sufficient to "give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (*citing Twombly*, 550 U.S. at 596). To the extent that *Twombly* has caused courts to lose sight of this fact, its effect has been unfortunate, for the danger that one plaintiff will be denied his day in court on a meritorious claim far outweighs the risk of permitting discovery on many cases that will ultimately fail to find factual support. If a party truly feels that it is unable to prepare an answer, the remedy under the federal rules remains with a motion under Rule 12(e) for a more definitive statement, not in slamming the courthouse door in the face of a plaintiff who has been afforded no opportunity to prove his allegations.

*Phoenix Tech. Intern., LLC v Krones AG*, 2010 WL 818869, *2 (N.D. Ohio Mar. 9, 2010).  As shown below, Plaintiffs' claims are proper - *especially* in this light.[3]

I.    The Complaint Meets the Pleading Requirements of Rules 8(a) and 9(b)

Rule 8 "[d]ismissal … is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Barnes v Pozzi*, 2012 WL 3155073, *4 (S.D.N.Y. Aug. 3, 2012) (*quoting Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).   Rule 9(b) "is to provide the defendant with fair notice of a plaintiff's claim and adequate information to frame a response."  *Parola v Citibank (S. Dakota) N.A.*, 2012 WL 3940676, *8 (D. Conn Sept. 10, 2012).  It was "not intended to make meritorious claims impossible to bring." *Steiner v MedQuist Inc.*, 2006 WL 2827740, *24 (D.N.J. Sept. 29, 2006) (*citing In re Cabletron*

---

[3]*See also In re Sumimoto Copper Litig.*, 995 F.Supp. 451, 456 (S.D.N.Y. 1998) (9(b) "should not be applied in a manner which would, in effect, obstruct all plaintiffs, including those with valid claims, from initiating civil RICO actions. RICO clearly provides for civil remedies to benefit victims of racketeering, and in the absence of congressional action, these provisions should not be ignored.").

*Sys., Inc.*, 311 F.3d 11, 30 (1ˢᵗ Cir 2002)).

A.    *The FAC Provides Sufficient Details Concerning Each Defendant*

Defendants assert that "a significant number" of the FAC allegations, DM8, "lump" Defendants together, violating Rules 8 and 9, Fed. R. Civ. P.  But as Judge Karas held, "Defendants mischaracterize the Complaint. Unlike the complaints in each of the cases Defendants cite, this Complaint contains numerous allegations specific to each of the Defendants." *Angermeir*,  14 F. Supp 3d 134, 144 (S.D.N.Y. 2014).  *Accord, Serin*, 2009 WL 7823216, *8.

The FAC specifies each Defendant's involvement:  Defendants Cohen and Krieger were the masterminds.  Defendants Krieger, Centeno and Cucinotta, apart from being principals and controlling persons, made wilfully false assertions in the New York City Civil Court.  The Sussman Defendants commenced, conducted and persisted in the fraudulent lawsuits, filing false affidavits in Court to obtain and/or defend the default judgments despite having "all-encompassing" access to Defendants' database whereby they knew or should have known of the false assertions in those affidavits.  The FAC "alleges facts supporting a plausible inference as to which Corporate Defendant injured the Plaintiff."  *Angermeir*, at 144.

Cases cited by Defendants are unhelpful.  As Judge Karas observed:

> In most of the cases Defendants cite, the court dismissed the complaint because it failed to distinguish *at all* between any of the Defendants in claims alleging discrimination or constitutional-rights violations. *See, e.g., Marcilis,* 693 F.3d at 596 (dismissing a complaint raising a *Bivens* claim where the complaint "ma[de] *only* categorical references to 'Defendants' " (emphasis added)); *Atuahene,* 10 Fed.Appx. at 34 (noting that the complaint "alleging a host of constitutional and state common law claims" initially "failed to differentiate among the defendants, alleging instead violations by

'the defendants,' " and then later "still fail[ed] to identify which defendants were alleged to be responsible for which alleged violations" when the plaintiff "replaced the allegations against 'the defendants' with the names of all of the defendants"); *Elias,* 2010 WL 5475809, at *3 (dismissing complaint that "attribute[d] discrimination, retaliation, and disparate treatment generally to 'Defendants,' without distinguishing their individualized conduct" (internal citation omitted)); *Southerland,* 2010 WL 4916935, at *3 (dismissing complaint alleging constitutional-rights violations where the complaint failed "[to] allege facts against *any* individual defendant" (emphasis added)). In one case, the court dismissed a copyright-infringement claim where the plaintiff sued four entirely separate entities—a design firm, an architect, a hotel, and a procurement agent—and the complaint "fail[ed] to isolate the key allegations against each defendant." *See Ochre,* 2012 WL 6082387, at *6. And in the lone case addressing a RICO claim, the court dismissed the RICO claim against three of the defendants because the complaint contained only one allegation specific to each defendant, and each allegation "fail[ed] to give adequate notice to th[o]se defendants as to what they did wrong." *See Medina,* 2004 WL 136636, at *6.

*Angermeir*, 14 F. Supp. 3d at 143 (emphasis in original).[4]

B.     *Plaintiffs Need Not Plead Details Solely Within Defendants' Knowledge*

Defendants fault the FAC for failure to "identify[ ] which Defendant made which"

"mailings or wires" DM8.  But as Judge Gwinn reiterated,

> "In complex civil RICO actions involving multiple defendants, . . Rule 9(b) requires only that the plaintiff delineate with adequate particularity in the body of the complaint, the specific circumstances constituting the overall fraudulent scheme." *In re Sumitomo Copper Litig*., 995 F.Supp. at 456 (internal citations omitted).

*Serin*, 2009 WL 7823216, *8.  *Accord, Angermeir,* 14 F.Supp 3d at 149 (" the Complaint

---

[4]*See also U1IT4less, Inc. v FedEx Corp*., 2012 WL 4459377, *10 (S.D.N.Y. Sept. 25, 2012) ("Plaintiff has provided enough detail regarding the predicate acts to withstand the Motion to Dismiss"); *Allstate Ins. Co. v Elzanaty*, 2013 WL 65986 (E.D.N.Y. Jan. 7, 2013) (RICO claims upheld based on fraudulent conduct rendering Defendants ineligible for reimbursement under N.Y.'s no-fault regulations).

plausibly alleges that each Defendant 'directly participated in the scheme,' and because the scheme involved multiple communications with individuals outside of New York, each participant could 'reasonably foresee' that mails and interstate wires 'would be used in furtherance' of the scheme").  "It is not necessary for each individual defendant to have personally sent fraudulent mailings - 'it is enough if he knows that in the execution of the scheme letters are likely to be mailed, and if in fact they are mailed,'" *CSX Transp., Inc. v Gilkison*, 2012 WL 1598081, *12 (N.D.W.Va. May 3, 2012) (*quoting United States v. Perkal*, 530 F.2d 604, 607 (4th Cir. 1976)).

Moreover, details[5] such as who "made" a specific mailing is precisely the kind of "information is solely in the possession of the defendant," *Krasner v Rahfco Funds LP*, 2012 WL 4069300, *8 (S.D.N.Y. Aug. 9, 2012) (*citing DiVittorio v. Equidyne Extractive Indus* ., 822 F.2d 1242, 1248 (2d Cir. 1987) and other cases).  The complaint need only "allege facts demonstrating the basis for the information and belief." *Boritzer v Calloway*, 2013 WL 311013 (S.D.N.Y. Jan. 24, 2013) (citation omitted).  The particularity requirement "should not be turned into 'an insurmountable hurdle,'" *EQT Infrastructure Ltd. v Smith*, 861 F Supp 2d 220, 231 (S.D.N.Y. 2012) (citation omitted).

Further, under the "group pleading doctrine," particular statements or omissions may be attributed to defendants generally.  *Liberty Mut. Ins. Co. v Blessinger*, 2007 WL 951905 *2 (E.D.N.Y. Mar. 27, 2007); *Anwar v Fairfield Greenwich Ltd.*, 728 F Supp 2d

---

[5]Defendants assert that the FAC does not allege the "content of the items mailed," DM9.  That is incorrect.  *See, e.g.*, FAC34¶a ("summons and complaint"); 34-36.

372, 405-06 (S.D.N.Y. 2010).[6]  As *Pludeman* held, 10 N.Y.3d at 493,

> The very nature of the scheme . . gives rise to the reasonable
> inference . . that the officers, as individuals and in the key positions
> they held, knew of and/or were involved in the fraud.

C.    *Defendants' Cases Are Readily Distinguishable*

*Ochre LLC v Rockwell Architecture Planning and Design, P.C.*, 2012 WL

6082387 (S.D.N.Y. Dec. 3, 2012), DM8-9, dismissed a copyright complaint because "the

designs at issue are not copyrightable."  As an alternative ground, the Court also faulted

that plaintiff's lumping of "defendants" - corporations from four States - without

specifying "which of the defendants or agents of those defendants engaged in the

infringing activities."  No resemblance to this case.[7]

So also, in *Hernandez v. Ballesteros*, 333 F. Supp. 2d 6, 12 (D.P.R. 2004) *aff'd*

*sub nom.* 449 F.3d 240 (1st Cir. 2006) DM9, the "amended complaint has left the Court

in a limbo in where it must speculate when and where wire communications took place,

---

[6]To "invoke the group pleading doctrine against a particular defendant the
complaint must allege facts indicating that the defendant was a corporate insider, with
direct involvement in day-to-day affairs, at the entity issuing the statement." *In re
Alstom SA*, 406 F.Supp.2d 433, 448 (S.D.N.Y.2005) (citations omitted).  That is the case
here.

[7]Defendants also cite civil rights cases where several defendants were impleaded
without connecting facts.  *Atuahene v City of Hartford*, 10 Fed Appx 33, 34 (2d Cir
2001) (sued City, 2 individuals and 2 corporations; "no factual basis to distinguish their
conduct"); *Elias v City of New York*, 2010 WL 5475809, *3 (E.D.N.Y. Dec. 30, 2010)
("Plaintiff fails to give the defendants fair notice of her remaining civil rights claims or to
allege facts against each individual and entity); *Southerland v New York City Hous.
Auth.*, 2010 WL 4916935, *2 (E.D.N.Y. Nov. 23, 2010) ("fails to give the defendants fair
notice of plaintiff's claim"); *Marcilis v Twp. of Redford*, 693 F.3d 589, 593 (6th Cir 2012)
(civil rights case arising from federal task force narcotics raids conducted at two homes
by Drug Enforcement Administration agents and police; no "fair notice" to each
defendant).

who took part in said communications." In *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 47 (1st Cir. 1991) DM9, the complaint didn't allege elements of 18 U.S.C. § 1962(c) claim, while in *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993), DM9, "allegations about broken promises to third parties were . . vague and cannot serve as predicate acts;" in addition Plaintiff "failed to allege facts that support an inference of intent". Not so here.[8]

II.  Claims of Glasgow, Moore and Norris[9] Are Not Barred By *Res Judicata*

    A.  **Res Judicata** *Is Inapplicable Because Defendants' Fraud Was "Merely a Means to Accomplishment of a Larger Fraudulent Scheme" Much "Greater In Scope" Than Issues Determined in the City Civil Court*

State law - here, New York - determines the scope of *res judicata*, *Yencho v. Chase Home Fin. LLC*, 2015 WL 127721, at *4 (S.D.N.Y. Jan. 8, 2015) (Roman, J.). Under New York law, as the Appellate Division explained,

> Generally, a party who has lost a case as a result of alleged fraud or false testimony cannot collaterally attack the judgment in a separate action for damages against the party who adduced the false evidence, and the plaintiff's remedy lies exclusively in moving to vacate the default judgment . . . Under an exception to that rule, a separate lawsuit may be brought where the alleged perjury or fraud in the underlying action was "merely a means to the accomplishment of a larger fraudulent scheme" . . which was "greater in scope than the issues determined in the prior proceeding".

---

[8]Defendants also cite securities fraud cases where the specifics of each defendant's involvement or even "group pleading" doctrine were not asserted. *See, e.g., Luce v. Edelstein*, 802 F.2d 49 (2d Cir. 1986) (fraud claims based on misrepresentations about "the cost, status and expected completion date of the project," without specifying the "time, place, speaker, and sometimes, even the content," *id.*, 54).

[9]The City Civil Court's refusal to set aside the default judgments against Glasgow and against Norris are under appeal.

*Specialized Indus. Servs. Corp. v. Carter*, 890 N.Y.S.2d 90, 92 (2nd Dept 2009)

(citations omitted).

In *Specialized Indus.*, plaintiff Specialized asserted a fraud-on-the-court claim

(Judiciary Law, Section 487) against attorney Carter based upon a previous default

judgment against Specialized. Carter sought dismissal based on *res judicata*. *Nisi prius*

denied that motion, and the Appellate Division affirmed:

> Contrary to the defendant's contention, the first cause of action in the amended verified complaint is not barred by the doctrine of *res judicata* since the Judiciary Law cause of action did not arise out of the factual transaction which was the subject matter of that action . . Nor is the first cause of action precluded by principles of collateral estoppel in that the claim was not litigated in the underlying action and much of the evidence upon which the plaintiff relies was discovered subsequent to entry of the default judgment in the underlying action . .

*Specialized Indus.*, 890 N.Y.S.2d at 92-93. *Accord, Assoun v. Assoun*, 2015 WL 110106,

at *2 (S.D.N.Y. Jan. 7, 2015); *Stewart v. Citimortgage, Inc.*, 996 N.Y.S.2d 638, 639-40

(2nd Dep't 2014); *Alliance Network, LLC v. Sidley Austin LLP*, 987 N.Y.S.2d 794, 803

(Sup. Ct. 2014); *Seldon v. Bernstein*, 503 F. App'x 32, 33 (2d Cir. 2012).

That reasoning is fully applicable here. The instant claims "did not arise" out of

the "factual transactions" underlying Defendants' City Civil Court lawsuits. Those

lawsuits merely sought recovery on the leases; they did not involve the racketeering

scheme at issue.[10] Thus, those lawsuits were merely a means to the accomplishment of

---

[10]Defendants' mud-slinging on Plaintiffs' counsel is based upon outright lies, DM12 n.4. While *Tribeca Lending Corp. V. Crawford*, 2010 WL 9432679 (2nd Dep't 2010), refused to set aside a default judgment against Ms. Crawford, the Second Circuit upheld Ms. Crawford's claims for trial. *Crawford v. Franklin Credit Management Corp.*, 758 F.3d 473 (2nd Cir. 2014). Defendants' facially absurd suggestion that

the larger fraudulent scheme at issue here; this scheme is much greater in scope than the issues determined in those lawsuits. Since these issues have not "'necessarily been decided' in earlier proceedings, *res judicata* and collateral estoppel are unavailable as defenses to prevent their trial," *Newin Corp.*, 37 N.Y.2d at 216. *Accord, Chevron Corp. v. Donziger*, 2013 WL 98013, at *5 (S.D.N.Y. Jan. 7, 2013) ("The right question instead is whether, under New York law, a judgment debtor may sue a judgment creditor for relief with respect to the judgment based on fraud in its procurement and, in an appropriate case, even obtain damages. There is no serious doubt that it may do so.").[11]

## B. *In Any Event,* **Res Judicata** *is Inapplicable*

> Contrary to the defendant's contention, the dismissal of the prior action was upon the plaintiff's default, and thus did not constitute a determination on the merits . . Accordingly, the doctrine of res judicata, which bars future actions if a valid final judgment on the merits was rendered in a prior action between the same parties and on the same cause of action . . does not apply to bar the instant action

*Franchise Acquisitions Grp. Corp. v. Jefferson Valley Mall Ltd. P'ship*, 73 A.D.3d 1123, 1123-24 (2nd Dep't 2010). *Accord, Persaud v. Pharsi*, 70 A.D.3d 660, 661 (2nd Dept. 2010) ("not determine the merits of the issues raised and, therefore, did not constitute

---

Plaintiffs' counsel "concocted" forgery claims of hundreds of unrelated persons from all over the country - including eight unrelated Plaintiffs here, or the eight in *Angermeir*, or Ms. Ritchie, *Ritchie*, the six in *Serin*, or in the hundreds of court filings against Defendants - only reflects Defendants' desperation.

[11]*Accord, Holtkamp v. Parklex Associates*, 30 Misc. 3d 1226(A) (Sup. Ct. 2011) *aff'd,* 941 N.Y.S.2d 874 (2012) ("the alleged fraudulent representation made by counsel on Deutsch's behalf was merely ancillary to Deutsch's purported original scheme to defraud plaintiffs"); *Rock City Sound, Inc. v. Bashian & Farber, LLP*, 74 A.D.3d 1168 (2d Dept 2010), (permitting plenary action against attorneys for malpractice and violation of Judiciary Law § 487 based upon advice by counsel in violation of an injunction and contrary to Business Corporation Law § 909).

the law of the case," citations omitted); *Peerless Ins. Co. v Micro Fibertek, Inc.*, 67 A.D.3d 978 (2nd Dep't 2009); *Allstate Ins. Co. v Liberty Lines Tr., Inc.*, 50 A.D.3d 712, 713 (2nd Dep't 2008); *Meekins v. Town of Riverhead*, 20 A.D.3d 399 (2nd Dep't 2005). Thus, the default judgments at issue are no bar.[12]

III.    Fraudulent Lawsuits May Constitute RICO Predicate Acts

    A.    *Fraudulent Lawsuits May Constitute Mail/Wire Fraud*

Commencement of fraudulent lawsuits may constitute mail/wire fraud.  *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 443 (5th Cir. 2000) ("Among the predicate acts alleged to form a pattern of racketeering activity were instances of conduct directly connected to the filing of the state tort suit, including the filing of that suit."); *State Farm Mut. Auto. Ins. Co. v. Makris*, 2003 WL 924615, at *10 (E.D.Pa. Mar. 4, 2003) (filing of fraudulent lawsuits against State Farm's insureds to recover monetary damages from State Farm was an essential element of the scheme to defraud State Farm).  As another Court explained, *CSX Transp.,* 2012 WL 1598081:

> [T]he fraudulent filing of §1983 lawsuits is an indictable offense under the federal mail fraud statute. *Murr*, 681 F.2d at 249. It follows that such conduct constitutes "racketeering activity" for purposes of 18 U.S.C. § 1962. . . This is true whether or not the pleadings and correspondence themselves were false or fraudulent.

---

[12]In any event, those lawsuits involved <u>only</u> the leases, whereas the instant claims involve Defendants' systematic violation of federal laws such as RICO, FCRA and State law (Section 349, NYFCRA), all of which claims are independent of the validity of the leases.  The RICO claim, for example, arises out of Defendants' participation in a racketeering enterprise.  The FCRA claims arise out of Defendants' impermissible pull of Plaintiffs' consumer credit report, and refusal to carry out the statutorily mandated reasonable inquiry into their erroneous adverse report.  The GBL 349 claims arise out of Defendants' consumer-oriented deceptive practice.  These claims have nothing to do with the validity of the lease itself.

Defendants' perjurious averments in the City Civil Court abundantly support claims for mail fraud and wire fraud.[13]

B. *Fraudulent Lawsuit May Constitute Extortion*

"Extortion as defined in the Hobbs Act consists of the use of wrongful means to achieve a wrongful objective." *United States v. Clemente*, 640 F.2d 1069, 1076 (2nd Cir. 1981).  It "need not be pleaded with particularity," *Turkish v. Kasenetz*, 832 F.Supp. 565, 572 (E.D.N.Y. 1993).

 The Hobbs Act criminalizes the "wrongful" use of fear, and "courts have since applied it to conduct other than the classic threat to do violence unless the victim parts with his pocketbook." *U.S. v. Albertson*, 971 F.Supp. 837, 841 (D.Del. 1997) (*citing United States v. Sturm*, 870 F.2d 769 (1st Cir.1989) and other cases).  Thus, "wrongful means" does not necessarily mean the use of means that are illegal *per se*, but includes

---

[13]In *United States v. Rodolitz*, 786 F.2d 77 (2nd Cir.), *cert. denied,* 479 U.S. 826 (1986), that defendant had brought a fraudulent civil action and recovered a judgment from his insurer.  In affirming that defendant's conviction for mail fraud, the Second Circuit recognized that false evidence at a civil trial works a fraud not only on the jury but on the opposing party as well. 786 F.2d at 80-81. *See also Averbach v. Rival Manufacturing Co.*, 809 F.2d 1016 (3d Cir.), *cert. denied,* 482 U.S. 915 (1987).  As *Eisen* reiterated, 974 F.2d at 254:

> [U]se of the mail fraud offense as a RICO predicate act cannot be suspended simply because perjury is part of the means for perpetrating the fraud. We do not doubt that where a series of related state court perjuries occurs, it will often be possible to allege and prove both a scheme to defraud within the meaning of the mail fraud statute as well as the elements of a RICO violation. But in such cases, it will not be the fact of the perjuries alone that suffices to bring the matter within the scope of RICO. In any event, we cannot carve out from the coverage of RICO an exception for mail fraud offenses that involve state court perjuries.

the use of "fear" to obtain property to which "the alleged extortionist has no lawful

claim." *Enmons,* 410 U.S. at 400; *Clemente*, 640 F.2d at 1076; *Viacom Intern. Inc. v.

Icahn*, 747 F.Supp. 205, 211 (S.D.N.Y. 1990), *aff'd*, 946 F.2d 998 (2nd Cir. 1991), *cert

denied*, 502 U.S. 1122 (1992).[14]  Hence, as *Viacom*, 747 F.Supp at 210 held,[15]

> Under the *Enmons* framework, when the objective is
> wrongful (i.e., to obtain property to which one "has no lawful
> claim"), then the means (e.g., exploitation of fear) is also
> wrongful. Stated another way, both elements of extortion
> occur whenever one exploits fear to obtain property to which
> one has no lawful claim.

For example, in *Turkish*, 27 F.3d 23, the plaintiffs asserted that they feared that if

they failed to execute certain releases, defendants would withhold distribution of certain

trust assets due to her.   The Second Circuit upheld the claim, 27 F.3d at 27:

> The complaint therefore alleged that defendants deliberately
> sought to obtain property by putting Trask in reasonable fear
> of economic loss, in violation of the Hobbs Act. *See United
> States v. Capo*, 817 F.2d 947, 951 (2d Cir. 1987).

Here, Defendants used the fear of economic loss, *i.e.*, expensive long-distance

litigation, default judgment, and destruction of consumer credit, to get money to which

---

[14]*Citing Clemente,* 640 F.2d at 1077-78 ("a broad spectrum of legitimate business
transactions" can constitute wrongful means if used to obtain property to which no
lawful claim exists"); *United States v. Hyde*, 448 F.2d 815, 833 (5th Cir.1971) ("It is the
wrongful use of an otherwise valid power that converts dutiful action into extortion."),
*cert. denied,* 404 U.S. 1058 (1972); *Deem v. Lockheed Corp.*, 749 F.Supp. 1230
(S.D.N.Y.1989) (client's threat to exercise "absolute right to terminate the
attorney-client relationship" can constitute extortion if used as a means to obtain
property to which client has no lawful claim).

[15]Judge Patterson dismissed the Hobbs Act claim in *Viacom* because that
defendants' objective was not wrongful:  "the law did not entitle Viacom to a right to
pursue its business interests free of the problems and fears caused by the threat of a
takeover by defendants," *Viacom Intern. Inc.*, 747 F.Supp at 213.

Defendants were not entitled, and knew they were not entitled. This was wrongful. *DeFalco v. Bernas*, 244 F.3d 286, 313 (2nd Cir. 2001); *United States v. Rastelli,* 551 F.2d 902, 904 (2nd Cir.), *cert. denied,* 434 U.S. 831 (1977)).

This is especially so where another pattern of racketeering is involved. *United States v. Eisen*, 974 F.2d 246, 251-54 (2nd Cir. 1992) (mail/wire fraud involving scheme by law firm to deprive civil defendants and their insurers of money through fabrication of evidence could be RICO predicate act); *Lemelson v. Wang Laboratories Inc.*, 874 F.Supp. 430, 434 (D.Mass. 1994) (mail/wire fraud violations involving pattern of litigation and subsequent settlement over fraudulently obtained patents were RICO predicate acts); *Eazypower Corp. v. ICC Innovative Concepts Corp.*, 2002 WL 31473813, *2 (N.D.Ill. 2002) ("filing of lawsuits as part of a scheme to extort money may support a RICO claim in patent cases").[16] As the Second Circuit explained,

> Litigants depend on the integrity of the conduct of participants in civil proceedings though disputing the validity of their opponents' claims to impose or resist civil liability. It is one thing to challenge the perception, memory, or bias of an opponent's witnesses; it is quite another for a party's lawyer and a witness to concoct testimony that they know has been wholly fabricated.

---

[16]Thus, for example, even though perjury by itself is not a predicate act for a RICO violation, if those lies "constituted mail or wire fraud . . or an obstruction of justice . . then those cover-up acts theoretically may serve as predicate acts." *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1021-22 (7th Cir. 1992); *C & W Constr. Co. v. Brotherhood of Carpenters and Joiners, Local 745*, 687 F.Supp. 1453, 1467 (D.Haw.1988) ("The more reasoned rule would allow perjury to be a predicate act . . where the plaintiffs allege that the perjury was part of the pattern of racketeering."); *Levit v. Brodner*, 75 B.R. 281, 285 (N.D.Ill.1987) (perjury and destruction of evidence in bankruptcy action might serve as predicate act in subsequent RICO suit)).

*Eisen,* 974 F.2d at 253.[17] *Accord, Lemelson*, 874 F.Supp. at 433 ("the taxing of victims with the prospects of vexatious litigation is an integral component of the racketeering scheme").

That's precisely what Defendants did here: presenting "concoct[ed] testimony that they know has been wholly fabricated," and routinely tax "victims with the prospects of vexatious litigation," which is "an integral component of the racketeering scheme." *Accord*, *Hall American Center Associates Ltd. Partnership v. Dick*, 726 F.Supp 1083, 1096 (E.D.Mich. 1989)[18]. *See also Florida Evergreen Foliage v. Du Pont*,

---

[17]Thus, our courts have upheld claims based on abuse of the judicial process through the filing of sham suits which were not even fraudulent:

> A sham suit is one that is an abuse of the judicial processes. In *California Transport [v. Trucking Unlimited,* 404 U.S. 508 (1972)], the Supreme Court identified two types of sham activity: "misrepresentations ⋯ in the adjudicatory process" and the pursuit of "a pattern of baseless, repetitive claims." Thus, in *California Transport*, the Court held that a complaint alleging that the petitioner's competitors initiated administrative proceedings against the petitioner "without probable cause, and regardless of the merits," stated an antitrust cause of action.

*Columbia Pictures Industries, Inc. v. Professional Real Estate Investors, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991), *aff'd sub nom*, *Professional Real Estate Investors v. Columbia Pictures Indus.*, 508 U.S. 49 (1993). This case based on *fraudulent* lawsuits is much stronger.

[18]Hall American alleged that those defendants (Dick) "had made the wrongful use of economic fear to obtain property to which they are not, and know they are not, entitled." After initially misrepresenting as a renter, Dick sent letters of intent to create evidence of a contract, although he did not have money for even the down payment, let alone complete financing. He then filed frivolous lawsuits and notices of *lis pendens*, and took other steps - none of which was *per se* illegal - to prevent Hall American from making business decisions involving the property, and to force Hall American to sell him that property below market value. As the Court summarized, 726 F.Supp at 1096:

135 F.Supp.2d 1271 (S.D.Fla. 2001) (RICO claims upheld based on a pattern of witness intimidation, fraudulent depositions, and concealment of data and documents).

C.    *Defendants' Cases Are Readily Distinguishable*

Unlike this case, Defendants' cases, involved meritless, not *fraudulent*, lawsuits. For example, in *Andrea Doreen Ltd. v. Building Material Local Union 282*, 299 F.Supp.2d 129, 149 (E.D.N.Y. 2004), DM16, the Trustees' ERISA collection action was *not* an attempt "to obtain property 'to which [they had] no lawful claim'". *See also Building Industry Fund v. Local Union No. 3, Intern. Broth. of Elec. Workers, AFL-CIO,* 992 F.Supp. 162, 176 (E.D.N.Y. 1996)(filing not fraudulent); *Park South Associates v. Fischbein*, 626 F.Supp. 1108, 1114 (S.D.N.Y. 1986) (defendant law firm represented 60 tenants in lawsuits to stop property development; not fraudulent); *G-I Holdings, Inc. v. Baron & Budd*, 179 F.Supp.2d 233, 258 (S.D.N.Y.,2001) ("The 'property' at issue here is GAF's right to petition Congress, and the alleged Hobbs Act violation can survive only if the Defendants had no right to seek that 'property.'"); *DirecTV, Inc. v. Lewis*, 2005 WL 1006030, *7 (W.D.N.Y. 2005) (attorneys' letters "nothing more than threats to enforce a right they already had-litigation in this Court.").

In *Curtis & Assoc., P.C. v Law Offices of David M. Bushman, Esq.,* 758 F Supp 2d 153 (E.D.N.Y. 2010), *affd,* 443 Fed Appx 582 (2d Cir 2011), DM16, the Court merely held

> The implicit threat was that, should the plaintiffs refuse to sell the Property, the Property would be tied up in litigation, the Joint Venture would collapse, the mortgage would be foreclosed, the high interest payments would continue to be owed, and the Property would be lost completely. Viewing the allegations in the complaint as true, the court cannot say that the plaintiffs have failed to allege a predicate act under the Hobbs Act.

that "the litigation activities alleged in this Complaint" did not amount to mail or wire fraud.  758 F Supp 2d at 171.  That is clearly not so here.

Similarly, in *Nakahara v. Bal*, 1998 WL 35123, at *11 (S.D.N.Y. Jan. 30, 1998), DM16, the Court expressly noted that "[t]his case is not one "where allegedly unjustified suits form a part of some more extensive scheme of racketeering activity, such as extortion," but is instead one premised "on nothing more than a party's filing of unjustified suits" (citation omitted).

    D.    *Defendants' Activities Constituted Extortion under New York Law*

Defendants' fraudulent filings were extortion under N.Y. Penal L. §155.05(2)(e); *Kraft General Foods, Inc. v. Cattell*, 18 F.Supp.2d 280, 284 (S.D.N.Y. 1998).  Fear of future economic harm is sufficient. *People v. Capparelli*, 158 Misc.2d 996 (Sup.Ct.1993) (*citing People v. Spatarella*, 34 N.Y.2d 157, 161-62 (1974), and other cases).  *Accord, People v. Dioguardi*, 8 N.Y.2d 260, 268 (1960); *U.S. v. Brecht*, 540 F.2d 45, 50 n.10 (2nd Cir. 1976).

IV.    The Claims Under Section 349, G.B.L., are Viable

Defendants contend that the fraudulent lawsuits were "unique" to the parties and did not affect the public interest, DM22.  They also argue that "to the extent that Plaintiffs claim that they were deceived outside of New York," DM24, a 349 claim is impermissible.  Defendants are wrong.

    A.    *Defendants' Racketeering Scheme Affected the Public Interest*

Federal courts in New York have interpreted the "expansive language" of Section 349 as evidence that the statute "was intended to be broadly applicable, extending far beyond the reach of common law fraud." *New York v. Feldman*, 210 F.Supp.2d 294, 301 (S.D.N.Y.2002). The Second Circuit has held that while Section 349

> "is, at its core, a consumer protection device ... it does provide a
> right of action to any person who has been injured by reason of any
> violation of this section." *Blue Cross & Blue Shield of New Jersey,
> Inc. v. Philip Morris USA, Inc.*, 344 F.3d 211, 218 (2d Cir.2003)
> (*quoting Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256,
> 264 (2d Cir.1995)). . .  The Second Circuit has directed that "[t]he
> critical question [in assessing the validity of a § 349 claim] is
> whether the matter affects the public interest in New York, not
> whether the suit is brought by a consumer...." *Id.*
>
> . . . In *Securitron*, the court found that the defendants' actions were
> contrary to the public interest because their false representations
> caused a regulatory agency to "undertake unnecessary
> investigations and interfered with its decision-making process." *Id.*
> The Plaintiffs here allege that the Defendants filed frivolous
> lawsuits, containing false averments and based upon forged
> documents, in the New York City civil courts. The Court therefore
> finds that . . the Plaintiffs have sufficiently alleged that the
> Defendants' practices affect the public interest in New York for this
> claim to survive a 12(b)(6) motion to dismiss.

*Serin*, 2009 WL 7823216, *15.

That reasoning applies here *proprio vigore*. Defendants' fraudulent lawsuits

affected the public interest in New York.[19]

B.    *The 349 Claims Are Not Preempted*

Defendants argue that the 349 claims are preempted "to the extent" based upon

FCRA violations, DM16.  But FCRA preempts only matters "regulated under . . Section

1681s-2 . . relating to the responsibilities of" furnishers, 15 U.S.C. §1681s-2.  That

provision concerns *only* Defendants' failure to investigate disputes.

---

[19]*In re Scrimpsher*, 17 B.R. 999, 1015 (Bkrtcy. N.D.N.Y. 1982) (349 claims upheld
against a collection bureau for sending deceptive debtor notices using simulated
telegram formats.).  *See also Securitron*, 65 F.3d at 264 ("corporate competitors now
have standing to bring a claim under this [statute] ... so long as some harm to the public
at large is at issue"); *H2O Swimwear, Ltd. v. Lomas,* 560 N.Y.S.2d 19, 21 (1st Dep't 1990)
(349 applies to "matters affecting the public interest and involving transactions of a
recurring nature").

Plaintiffs' 349 claims are much wider.  Under Defendants' own cases, these claims are not preempted.  *Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103, 106 (2d Cir. 2009) (misuse of trigger leads);  *Okocha v. HSBC Bank USA, N.A.*, 700 F. Supp. 2d 369, 375 (S.D.N.Y. 2010) ("Section 1681t preempts state law with respect to Furnisher conduct governed by Section 1681s–2"); *Smith v. RJM Acquisitions, LLC,* 2014 WL 3107291, at *6 (W.D.N.Y. July 7, 2014) (same).

C.     *Non-Residents' Claims Are Not Automatically Barred*

Defendants' argue that 349 provides "no relief" to out-of-State residents, DM18. Defendants' argument is negated by the very case they cite:

> . . [O]ur General Business Law analysis does not turn on the residency of the parties. . . It was not intended to . . function as a per se bar to out-of-state plaintiffs' claims of deceptive acts leading to transactions within the state.

*Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 325 (2002).  *Goshen* is not a license for New York based scammers to prey on out-of-state residents.

1.     *The Second Circuit's Ruling in **Cruz** Is Controlling, and Upholds 349's Applicability Here*

In *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115 (2d Cir. 2013), a Virginia resident asserted 349 claims against FXDD, a New York entity providing foreign exchange trading and related services, for deceptive practices such as front running, generating false error messages, creating short- term spikes to trigger stop orders, and manipulating prices to favor FXDD.  The District Court dismissed the claims since the "deceptive practices or relevant trading" did not occur in New York."  720 F.3d at 122.

The Second Circuit reversed.  After considering *Goshen* and its progeny, it  held:

> the appropriate test in this case is to focus on the location of the transaction, and in particular the strength of New York's connection to the allegedly deceptive transaction, rather than "on the residency of the parties."  This accords with *Goshen's* admonition that section 349 was not "intended to function as a per se bar to out-of-state plaintiffs' claims of deceptive acts leading to transactions within the state."

720 F.3d at 122 (citation omitted, emphasis added).  Cruz's claims "clearly involve[d] a series of allegedly deceptive transactions" occurring here and "implicate the interests of New York": FXDD was paid here, it required all communication to be sent here, its customer agreement had a New York choice of law clause with exclusive jurisdiction in New York courts.  Hence,

> Based on these various alleged ties between the customer transactions and New York, we are persuaded that, at this stage, "some part of the underlying transaction ... occur[red] in New York State," giving Cruz statutory standing to sue for deceptive practices and false advertising under sections 349 and 350.

720 F.3d at 123-24 (citing *Mountz v. Global Vision Prods., Inc.,* 3 Misc.3d 171 (Sup.Ct. 2003)..[20]  That is precisely the situation here.[21]

---

[20]*Goshen* was a "vanishing premium" case, where all material activities took place elsewhere:  that plaintiff received the misrepresentation, purchased his policy, paid his premiums in Florida.  "Plainly, for purposes of section 349, any deception took place in Florida, not New York."  *Goshen,* 98 N.Y.2d at 326.

[21]*Accord, Ward v. TheLadders.com, Inc.*, 2014 WL 945011 (S.D.N.Y. Mar. 12, 2014), *reconsideration denied* (Apr. 21, 2014) (defendant operated website, maintained bank account in New York, "many" relevant communications and transactions including "registration, cancellation, review of website materials, and various monetary transactions, apparently occurred on or through the website itself, which is equivalent to communicating or transacting directly with a New York address"); *Gorbaty v. Wells Fargo Bank, N.A.*, 2014 WL 4742509, at *15 (E.D.N.Y. Sept. 23, 2014) (transactions occurred in New Jersey, but plaintiff "plausibly alleges Wells Fargo's deception occurred (or at least began) in New York upon the delivery of the misleading documents"); *Reynolds v. Xerox Educ. Servs., Inc.*, 2014 WL 4437622, at *7 (N.D.N.Y. Sept. 9, 2014) ("multiple transactions originating from XES's New York operations, thereby satisfying

2. *The Deception And the Transactions Took Place Here*

All material aspects of the parties' transactions took place here. Defendants sent,

received, and accepted all communication from here. Their offices, and employees are

here. They made and received all phone calls from here. They trashed credit reports

from here. They deceived the courts here:

a.    Defendants signed *all* court pleadings here;
b.    Defendants' false statements were notarized in New York, under New York law, by a New York notary;
c.    Defendants filed these false pleadings in New York in New York courts;
d.    Defendants obtained fraudulent judgments in New York; and
g.    Plaintiffs had no choice but to come to New York to set aside these fraudulent judgments.

This deception, as already seen, carries over to Plaintiffs under *Eisen,* 974 F.2d

246. Given "the strength of New York's connection to the allegedly deceptive

transaction, *Cruz,* 720 F.3d at 122,  the 349 claims are proper. *Avery v. State Farm*

*Mut. Auto. Ins. Co.,* 216 Ill. 2d 100, 186 (2005); *Leider v. Ralfe*, 387 F. Supp. 2d 283,

292 (S.D.N.Y. 2005).[22]

3. *Defendants Are Judicially Estopped*

Judicial estoppel "'protect[s] the integrity of the judicial process by prohibiting

parties from deliberately changing positions according to the exigencies of the

moment.'" *Adelphia Recovery Trust v. HBC Bank, USA (In re Adelphia Recovery*

---

the territorial jurisdiction requirement of GBL § 349").

[22]*See also Microsoft Corp. v. AGA Solutions, Inc.,* 2007 WL 777756, at *7 (E.D.N.Y. Mar. 12, 2007) ("Defendants, who operated out of their New York residence, distributed and sold 'to residents of New York and elsewhere' 'counterfeit, tampered and/or infringing software that is inferior to genuine Microsoft software.' These allegations are sufficient to meet . . *Goshen")*.

*Trust)*, 634 F.3d 678, 696 (2d Cir. 2011) (citations omitted).  *Accord, Bates*, 997 F.2d at

1037–38 ("protect judicial integrity by avoiding the risk of inconsistent results in the

two proceedings").[23]

Defendants, sitting in New York, froze accounts located elsewhere by issuing

restraining notices from New York.   FAC14¶¶47-49.  Thereby, Defendants took the

position that those accounts were subject to New York jurisdiction, since the City Civil

Court has no jurisdiction outside New York City.  *See, e.g., Bank v Green Bullion Fin.*

*Services, LLC*, 31 Misc 3d 53 (App. Term. Sup Ct 2011).  Defendants may not *now* claim

that the accounts were actually elsewhere, or that the injuries occurred elsewhere and

are not compensable here.

### 4.  *Defendants' Cases Are Distinguishable*

Given the Second Circuit's binding ruling in *Cruz*, Defendants' cases are

irrelevant.  In any event, those cases are readily distinguishable because the deception

took place elsewhere.[24]  *None* involved a deception in New York through the systematic

---

[23]The doctrine "is designed to prevent a party who plays fast and loose with the courts from gaining unfair advantage through the deliberate adoption of inconsistent positions in successive suits." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 89 (2d Cir. 2000); *accord Zedner v. United States*, 547 U.S. 489, 504 (2006); *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1037 (2d Cir. 1993).

[24]*4 K & D Corp. v. Concierge Auctions, LLC*, 2014 WL 904451 (S.D.N.Y. Mar. 10, 2014) (property sale in Illinois); *Kaufman v. Sirius XM Radio, Inc.*, 474 F. App'x 5, 8 (2d Cir. 2012) (Nevada resident subscribing to satelite radio services in Nevada); *People ex rel. Spitzer v. Direct Revenue, LLC*, 19 Misc. 3d 1124(A) (Sup. Ct. 2008)(no "meaningful notice of how those transactions were deceptive or whether they took place in New York"); *Drizin v. Sprint Corp.*, 12 A.D.3d 245 (1st Dep't 2004) (out of state victims of "fat fingers" business, "which resulted from the misdialing by the intended customers of defendants' competitors").

preparation, filing, and pursuit of bogus court proceedings and perjurious testimony. *None* involved a situation where an <u>out-of-state resident had no choice</u> but to come to New York to seek redress from Defendants' fraud.[25]   *Serin*, 2009 WL 7823216, *15.[26]

V.      Mr. Moore's and Mr. Rivera's NYFCRA Claims Are Not Time-Barred

NYFCRA permits claims to be brought within two years after discovery of the violation where the defendant has misrepresented information required to be disclosed, N.Y. G.B.L., §380-n.; DM17-18.  Defendants did not disclose material information to Mr. Moore and Mr. Rivera timely.  Their claims are brought within two years of discovery, and are therefore timely.

VI.     Plaintiffs Have Pleaded Actual Damages For Purposes of Negligent Violation Claims

Defendants object that five Plaintiffs have not pleaded "actual damages" for purposes of the negligent violation claims under FCRA/NYFCRA, DM17-18.  Wrong.[27]

---

[25]Defendants have routinely sought and obtained dismissal of lawsuits commenced elsewhere. *See, e.g., Hardy v. Joseph I. Sussman, P.C.*, 953 F. Supp. 2d 102, 109 (D.D.C. 2013).  In *Just Film, Inc. v. Merch. Servs., Inc.*, 2011 WL 3809908, at *7 (N.D. Cal. Aug. 29, 2011), Defendants sought dismissal, but the Court denied that request because Defendants had "waived their defense of improper venue".

[26]In *Kaufman v Sirius XM Radio, Inc.*, 474 Fed. Appx. 5, 7 (2d Cir 2012), DM21, the plaintiffs' allegation that the transaction "occurred in New York" was found to be "conclusory."  That is not the case here.

[27]*Ritchie*, 14 F. Supp. 3d 229, dismissed, without prejudice, Ms. Ritchie's claims for negligent violation on the ground that Ms. Ritchie had not pleaded "actual" damages, and her "attempt in her Memorandum of Law to characterize these allegations as claims for actual damages cannot rectify her failure to allege actual damages in the Complaint itself."  In sharp contrast here, Plaintiffs have pleaded actual damages in the FAC.

The FAC pleads actual damages, including, for example, "mental anguish" and "emotional distress," FAC 19¶72, 22¶88, 23¶92, 25¶105, 27¶115, and 28¶122, which suffices. *See, e.g., Giessen v. Experian Info. Solutions Inc.*, 2014 WL 4058419, at *3 (C.D. Cal. July 2, 2014) ("damages for mental anguish and emotional distress are recoverable under the FCRA"); *Miller v. Equifax Info. Servs., LLC*, 2014 WL 2178257, at *5 (D. Or. May 23, 2014) ("emotional distress, including humiliation, mental anguish, loss of reputation, invasion of privacy, and fear of lost credit opportunities); *Eller v. Trans Union LLC*, 2013 WL 1507770, at *2 (D. Colo. Apr. 12, 2013) (upholding "damages as to the Bank of America credit denial and for mental anguish and emotional distress for negligent noncompliance with Section 1681 e(b) of the Fair Credit Reporting Act").[28]

VII.    Non-Residents May Also Assert NYFCRA Claims

Defendants argument is based *exclusively* upon isolated phrases in the legislative history referring to "New Yorkers," DM20-21.  This verges on the frivolous.

We "start, as we must, with the language of the statute," giving the statutory terms their " 'ordinary or natural' meaning." *United States v. Lockhart*, 749 F.3d 148, 152 (2d Cir. 2014) (citation omitted). *Accord, RAM I LLC v. New York State Div. of Hous. & Cmty. Renewal*, 123 A.D.3d 102 (1st Dep't 2014).  Defendants cite no NYFCRA provision - and we found none - barring non-resident claims.  In fact, the broad statutory language suggests the opposite.  For example, "consumer" is defined as

---

[28]Defendants impugn six Plaintiffs' inaccurate reporting claims because the FAC does not make the "required allegations."  DM17.  In fact, Plaintiffs did so, and should the Court require these be pleaded, Plaintiffs seek leave to amend to plead these facts.

"individual," NYGBL, §380-a(b). All other definitions - such as "consumer report," "consumer reporting agency," "employment purposes," "user"- are equally wide, §380-a. So is every substantive provision. *See, e.g.*, §380-b ("Permissible dissemination of reports"), §380-c ("Preparation and/or procurement of investigative consumer reports"), §380-d ("Disclosure to consumers"), §380-e ("Methods and conditions of disclosure to consumers"), §380-f ("Procedure for resolving disputes").

NYFCRA's liability provisions are equally wide. For example, Section 380-l ("Civil Liability for wilful noncompliance") imposes liability upon "Any person, firm, partnership, corporation or association" that furnishes information to consumer reporting agencies, and "any consumer reporting agency or user of information".

None of these provisions can be read to bar non-resident claims. Indeed, to construe NYFCRA in that manner would be capable of much mischief: New York scammers could simply trash out-of-state residents' credit reports, and hold such residents to ransom for extracting tribute - <u>exactly as Defendants are doing here.</u> As the Second Circuit held in a related context, "the location of the transaction, and in particular the strength of New York's connection" suffice to sustain NYFCRA applicability. *Cruz,* 720 F.3d at 122.[29]

CONCLUSION

Defendants' motion should be denied in its entirety with costs.

---

[29]Indeed, the case for NYFCRA applicability is much stronger since, unlike Section 349, Section 380-b(b) does *not* include the words "in this state," N.Y. G.B.L. §349; 380-b(b); *Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*, 2014 WL 4054240, at *11 (S.D.N.Y. Aug. 15, 2014).

Dated:      New York, New York      **CHITTUR & ASSOCIATES, P.C.**
               April 15, 2015

                                        Sd/
                       _____
                       By:  Krishnan Chittur, Esq. (KC 9258)
                       Central Westchester Business Park
                       500 Executive Boulevard Suite 305
                       Ossining, New York 10562

                       Attorneys for Plaintiffs