UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————x
ELAINE AGHAEEPOUR, ASHLEY GLASGOW, :
JULIE HIGGINS, SHANE MOORE, MICHELE :
NORRIS, JESUS RIVERA, SCHILCO, INC. and :  14 CV 5449 (NAR)
RAY SHILBER, :
 :  **ANSWER TO**
       Plaintiffs, :  **FIRST AMENDED COMPLAINT**
 :
    -v- :
 :
NORTHERN LEASING SYSTEMS, INC., MBF :
LEASING, LLC, LEASE FINANCE GROUP, LLC, :
LOUIS CUCINOTTA, JENNIFER CENTENO a/k/a :
JENNIFER NUGENT, JAY COHEN, SARA :
KRIEGER, JOSEPH I. SUSSMAN, and JOSEPH I. :
SUSSMAN, P.C., :
 :
 :
       Defendants. :
————————————————————————————x

   Defendants Northern Leasing Systems, Inc. ("NLS"), MBF Leasing, LLC ("MBF"),

Lease Finance Group, LLC ("LFG"), Louis Cucinotta ("Cucinotta"), Jennifer Centeno a/k/a

Jennifer Nugent ("Centeno"), Jay Cohen ("Cohen"), Sara Krieger ("Krieger"), Joseph I. Sussman

("Sussman"; with Centeno, Cohen, and Krieger, the "Individual Defendants"), and Joseph I.

Sussman, P.C ("JIS"; with NLS, MBF and LFG, the "Corporate Defendants") (the Individual

Defendants and Corporate Defendants collectively, "Defendants"), by their attorneys, Moses &

Singer LLP, hereby answer the First Amended Complaint, filed September 7, 2014 [Doc. #4]

(the "FAC") and file counterclaims, as follows:

   1.  Defendants deny the allegations of paragraph 1 of the FAC.

   2.  Defendants deny the allegations of paragraph 2 of the FAC.

3.      The allegations contained in paragraph 3 of the FAC consist of legal argument and conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required Defendants deny the allegations of paragraph 3 of the FAC.

**Jurisdiction**

4.      The allegations contained in paragraph 4 of the FAC consist of legal argument and conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required Defendants deny the allegations of paragraph 4 of the FAC.

**Parties**

5.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the FAC and, for this reason and otherwise, deny the allegations.

6.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the FAC and, for this reason and otherwise, deny the allegations.

7.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the FAC and, for this reason and otherwise, deny the allegations.

8.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the FAC and, for this reason and otherwise, deny the allegations.

9.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the FAC and, for this reason and otherwise, deny the allegations.

10.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the FAC and, for this reason and otherwise, deny the allegations.

11.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the FAC and, for this reason and otherwise, deny the allegations.

12.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the FAC and, for this reason and otherwise, deny the allegations.

13.     The allegations contained in paragraph 13 of the FAC consist of legal argument and conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required Defendants deny the allegations of paragraph 13 of the FAC.

14.     Defendants deny the allegations of paragraph 14 of the FAC.

15.     Defendants deny the allegations of paragraph 15 of the FAC.

16.     Defendants deny the allegations of paragraph 16 of the FAC.

17.     Defendants deny the allegations of paragraph 17 of the FAC.

18.     Defendants deny the allegations of paragraph 18 of the FAC.

19.     Defendants deny the allegations of paragraph 19 of the FAC.

20.     Defendants deny the allegations of paragraph 20 of the FAC.

21.     Defendants deny the allegations of paragraph 21 of the FAC.

22.     Defendants deny the allegations of paragraph 22 of the FAC except admits that JIS is a domestic professional corporation.

23.     Defendants deny the allegations of paragraph 23 of the FAC.

24.     Defendants deny the allegations of paragraph 24 of the FAC.

25.     The allegations contained in paragraph 25 of the FAC consist of legal argument and conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required Defendants deny the allegations of paragraph 25 of the FAC.

26.     Defendants deny the allegations of paragraph 26 of the FAC.

27.     Defendants deny the allegations of paragraph 27 of the FAC.

28.     The allegations contained in paragraph 28 of the FAC consist of legal argument and conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required Defendants deny the allegations of paragraph 28 of the FAC.

29.     Defendants deny the allegations of paragraph 29 of the FAC.

30.     Defendants deny the allegations of paragraph 30 of the FAC.

31.     Defendants deny the allegations of paragraph 31 of the FAC.

*Ms. Aghaeepour:*

32.     Defendants deny the allegations of paragraph 32 of the FAC.

33.     Defendants deny the allegations of paragraph 33 of the FAC.

34.     Defendants deny the allegations of paragraph 34 of the FAC.

35.     Defendants deny the allegations of paragraph 35 of the FAC.

36.     Defendants deny the allegations of paragraph 36 of the FAC.

37.     Defendants deny the allegations of paragraph 37 of the FAC.

38.     Defendants deny the allegations of paragraph 38 of the FAC.

39.     Defendants deny the allegations of paragraph 39 of the FAC.

40.     Defendants deny the allegations of paragraph 40 of the FAC.

41.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the FAC relating to Plaintiff's acts or omissions and, for this reason and otherwise, deny the allegations.  The remaining allegations contained in

paragraph 41 of the FAC consist of legal argument and conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required Defendants deny the allegations of paragraph 41 of the FAC.

42.     Defendants deny the allegations of paragraph 42 of the FAC.

43.     Defendants deny the allegations of paragraph 43 of the FAC.

44.     Defendants deny the allegations of paragraph 44 of the FAC.

45.     In reference to the allegations contained in paragraph 45 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

46.     Defendants deny the allegations of paragraph 46 of the FAC.

47.     Defendants deny the allegations of paragraph 47 of the FAC.

48.     The allegations contained in paragraph 48 of the FAC consist of legal argument and conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required Defendants deny the allegations of paragraph 48 of the FAC.

49.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the FAC and, for this reason and otherwise, deny the allegations.

50.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the FAC and, for this reason and otherwise, deny the allegations.

51.     Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the FAC and, for this reason and otherwise, deny the allegations.

52.     Defendants deny the allegations of paragraph 52 of the FAC.

53.     In reference to the allegations contained in paragraph 53 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

54.     Defendants deny the allegations of paragraph 54 of the FAC.

55.     Defendants deny the allegations of paragraph 55 of the FAC.

56.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the FAC and, for this reason and otherwise, deny the allegations.

57.     Defendants deny the allegations of paragraph 557 of the FAC.

58.     Defendants deny the allegations of paragraph 558 of the FAC.

*Ashley Glasgow*:

59.     Defendants deny the allegations of paragraph 59 of the FAC.

60.     Defendants deny the allegations of paragraph 60 of the FAC.

61.     Defendants deny the allegations of paragraph 61 of the FAC.

62.     Defendants deny the allegations of paragraph 62 of the FAC.

63.     Defendants deny the allegations of paragraph 63 of the FAC.

64.     Defendants deny the allegations of paragraph 64 of the FAC.

65.     Defendants admit the allegations of paragraph 65 of the FAC.

66.     In reference to the allegations contained in paragraph 66 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

67.     Defendants deny the allegations of paragraph 67 of the FAC.

68.     Defendants deny the allegations of paragraph 68 of the FAC.

69.     In reference to the allegations contained in paragraph 69 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

70.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the FAC and, for this reason and otherwise, deny the allegations.

71.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the FAC and, for this reason and otherwise, deny the allegations.

72.     Defendants deny the allegations of paragraph 72 of the FAC.

73.     In reference to the allegations contained in paragraph 73 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

74.     Defendants deny the allegations of paragraph 74 of the FAC.

*Julie Higgins*:

75.     Defendants deny the allegations of paragraph 75 of the FAC.

76.     Defendants deny the allegations of paragraph 76 of the FAC.

77.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the FAC and, for this reason and otherwise, deny the allegations. .

78.     Defendants deny the allegations of paragraph 78 of the FAC.

79.     Defendants admit that MBF brought a lawsuit against Plaintiff Higgins in New York City Civil Court, New York County on or about November 12, 2013 and that MBF was represented by JIS and deny the remaining allegations of paragraph 79 of the FAC.

80.     In reference to the allegations contained in paragraph 80 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

81.     Defendants deny the allegations of paragraph 81 of the FAC.

82.     Defendants deny the allegations of paragraph 82 of the FAC.

83.      In reference to the allegations contained in paragraph 83 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

84.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the FAC and, for this reason and otherwise, deny the allegations.

85.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the FAC and, for this reason and otherwise, deny the allegations.

86.     In reference to the allegations contained in paragraph 86 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

87.     Defendants deny the allegations of paragraph 87 of the FAC.

88.     In reference to the allegations contained in paragraph 88 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

89.     In reference to the allegations contained in paragraph 89 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

90.     Defendants deny the allegations of paragraph 90 of the FAC.

*Shane Moore*:

91.     Defendants deny the allegations of paragraph 91 of the FAC.

92.     Defendants admit that the New York City Civil Court denied Plaintiff Mr. Moore's request to set aside his default judgment and otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the FAC and, for this reason and otherwise, deny the allegations.

93.     Defendants deny the allegations of paragraph 93 of the FAC.

94.     Defendants deny the allegations of paragraph 94 of the FAC.

*Michele Norris*:

95.     Defendants deny the allegations of paragraph 95 of the FAC.

96.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the FAC and, for this reason and otherwise, deny the allegations.

97.     Defendants deny the allegations of paragraph 957 of the FAC.

98.     Defendants admit the allegations of paragraph 978 of the FAC.

99.     In reference to the allegations contained in paragraph 99 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

100.    Defendants deny the allegations of paragraph 100 of the FAC.

101.    In reference to the allegations contained in paragraph 101 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

102.    In reference to the allegations contained in paragraph 102 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

103.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 103 of the FAC and, for this reason and otherwise, deny the allegations.

104.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 104 of the FAC and, for this reason and otherwise, deny the allegations.

105.    Defendants deny the allegations of paragraph 105 of the FAC.

106.    Defendants deny the allegations of paragraph 106 of the FAC.

107.    Defendants deny the allegations of paragraph 1067 of the FAC.

*Jesus Rivera*:

108.    Defendants deny the allegations of paragraph 108 of the FAC.

109.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 109 of the FAC and, for this reason and otherwise, deny the allegations.

110.    Defendants admit the allegations of paragraph 110 of the FAC.

111.    In reference to the allegations contained in paragraph 111 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

112.    Defendants deny the allegations of paragraph 112 of the FAC.

113.     In reference to the allegations contained in paragraph 113 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

114.     In reference to the allegations contained in paragraph 114 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

115.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 115 of the FAC and, for this reason and otherwise, deny the allegations.

116.     Defendants deny the allegations of paragraph 116 of the FAC.

117.     Defendants deny the allegations of paragraph 117 of the FAC.

_Schilco, Inc. and Ray D. Schilber_:

118.     Defendants deny the allegations of paragraph 118 of the FAC.

119.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 119 of the FAC and, for this reason and otherwise, deny the allegations.

120.     Defendants deny the allegations of paragraph 120 of the FAC.

121.     In reference to the allegations contained in paragraph 121 of the FAC, Defendants respectfully refer to the Court the construction, interpretation, application, and legal effect of the documents referred to therein and otherwise deny the allegations.

122.     Defendants deny the allegations of paragraph 122 of the FAC.

123.     Defendants deny the allegations of paragraph 123 of the FAC.

124.     Defendants deny the allegations of paragraph 124 of the FAC.

*Defendants' Willfulness, Plaintiffs' Injuries*:

125.   Defendants deny the allegations of paragraph 125 of the FAC.

126.   Defendants deny the allegations of paragraph 126 of the FAC.

127.   Defendants deny the allegations of paragraph 127 of the FAC.

**COUNT I**
(RICO, 18 U.S.C. §1962(c))

128.   In response to paragraph 128 of the FAC, Defendants repeat and re-allege their responses to paragraphs 1-1287 of the FAC.

129.   Defendants deny the allegations of paragraph 129 of the FAC.

130.   Defendants deny the allegations of paragraph 130 of the FAC.

131.   Defendants deny the allegations of paragraph 131 of the FAC.

132.   Defendants deny the allegations of paragraph 132 of the FAC.

133.   Defendants deny the allegations of paragraph 133 of the FAC.

134.   Defendants deny the allegations of paragraph 134 of the FAC.

135.   Defendants deny the allegations of paragraph 135 of the FAC.

136.   Defendants deny the allegations of paragraph 136 of the FAC.

137.   Defendants deny the allegations of paragraph 137 of the FAC.

138.   Defendants deny the allegations of paragraph 138 of the FAC.

139.   The allegations contained in paragraph 139 of the FAC consist of legal argument and conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required Defendants deny the allegations of paragraph 139 of the FAC.

140.   Defendants deny the allegations of paragraph 140 of the FAC.

141.   The allegations contained in paragraph 141 of the FAC consist of legal argument and conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required Defendants deny the allegations of paragraph 141 of the FAC.

142.   Defendants deny the allegations of paragraph 142 of the FAC.

143.   Defendants deny the allegations of paragraph 143 of the FAC.

*Mail Fraud, Violations of 18 U.S.C. §1341*:

144.   Defendants deny the allegations of paragraph 144 of the FAC.

145.   Defendants deny the allegations of paragraph 145 of the FAC.

146.   Defendants deny the allegations of paragraph 146 of the FAC.

147.   Defendants deny the allegations of paragraph 147 of the FAC.

148.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 148 of the FAC and, for this reason and otherwise, deny the allegations.

149.   Defendants deny the allegations of paragraph 149 of the FAC.

*Wire Fraud, Violations of 18 U.S.C. §1343*:

150.   Defendants deny the allegations of paragraph 150 of the FAC.

151.   Defendants deny the allegations of paragraph 151 of the FAC.

152.   Defendants deny the allegations of paragraph 152 of the FAC.

153.   Defendants deny the allegations of paragraph 153 of the FAC.

154.   Defendants deny the allegations of paragraph 154 of the FAC.

155.   Defendants deny the allegations of paragraph 155 of the FAC.

156.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 156 of the FAC and, for this reason and otherwise, deny the allegations.

*Extortion Under The Hobbs Act, 18 U.S.C. §1951*:

157.   Defendants deny the allegations of paragraph 157 of the FAC.

158.   Defendants deny the allegations of paragraph 158 of the FAC.

159.    Defendants deny the allegations of paragraph 159 of the FAC.

160.    Defendants deny the allegations of paragraph 160 of the FAC.

161.    Defendants deny the allegations of paragraph 161 of the FAC.

162.    Defendants deny the allegations of paragraph 162 of the FAC.

163.    Defendants deny the allegations of paragraph 163 of the FAC.

164.    Defendants deny the allegations of paragraph 164 of the FAC.

165.    Defendants deny the allegations of paragraph 165 of the FAC.

166.    Defendants deny the allegations of paragraph 166 of the FAC.

167.    Defendants deny the allegations of paragraph 167 of the FAC.

168.    Defendants deny the allegations of paragraph 168 of the FAC.

169.    Defendants deny the allegations of paragraph 169 of the FAC.

_Extortion Under New York Law_:

170.    In response to paragraph 170 of the FAC, Defendants repeat and re-allege their responses to paragraphs 1-169 of the FAC.

171.    Defendants deny the allegations of paragraph 171 of the FAC.

172.    Defendants deny the allegations of paragraph 172 of the FAC.

173.    Defendants deny the allegations of paragraph 173 of the FAC.

174.    Defendants deny the allegations of paragraph 174 of the FAC.

_Pattern of Racketeering Activity:_

175.    Defendants deny the allegations of paragraph 175 of the FAC.

176.    Defendants deny the allegations of paragraph 176 of the FAC.

177.    Defendants deny the allegations of paragraph 177 of the FAC.

178.    Defendants deny the allegations of paragraph 178 of the FAC.

179.    Defendants deny the allegations of paragraph 179 of the FAC.

180.   Defendants deny the allegations of paragraph 180 of the FAC.

181.   Defendants deny the allegations of paragraph 181 of the FAC.

182.   Defendants deny the allegations of paragraph 182 of the FAC.

183.   Defendants deny the allegations of paragraph 183 of the FAC.

## COUNT II
### (Violation of 18 U.S.C. §1962(d))

184.   In response to paragraph 184 of the FAC, Defendants repeat and re-allege their responses to paragraphs 1-1843 of the FAC.

185.   Defendants deny the allegations of paragraph 185 of the FAC.

186.   Defendants deny the allegations of paragraph 186 of the FAC.

187.   Defendants deny the allegations of paragraph 187 of the FAC.

188.   Defendants deny the allegations of paragraph 188 of the FAC.

189.   Defendants deny the allegations of paragraph 189 of the FAC.

190.   Defendants deny the allegations of paragraph 190 of the FAC.

## COUNT III
### (Fair Credit Reporting Act, Section 1681b(f):
### Willfully Obtaining Consumer Reports Without A Permissible Purpose)

191.   In response to paragraph 191 of the FAC, Defendants repeat and re-allege their responses to paragraphs 1-1910 of the FAC.

192.   Defendants deny the allegations of paragraph 192 of the FAC.

193.   Defendants deny the allegations of paragraph 193 of the FAC.

194.   Defendants deny the allegations of paragraph 194 of the FAC.

195.   Defendants deny the allegations of paragraph 195 of the FAC.

**COUNT IV**
(Fair Credit Reporting Act, Section 1681b(f):
Negligently Obtaining Consumer Reports Without A Permissible Purpose)

196.   The allegations contained in paragraph 196 of the FAC consist of legal argument and conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required Defendants deny the allegations of paragraph 196 of the FAC.

197.   In response to paragraph 197 of the FAC, Defendants repeat and re-allege their responses to paragraphs 1-197 of the FAC.

198.   Defendants deny the allegations of paragraph 198 of the FAC.

199.   Defendants deny the allegations of paragraph 199 of the FAC.

200.   Defendants deny the allegations of paragraph 200 of the FAC.

**COUNT V**
(Fair Credit Reporting Act, 15 U.S.C. §1681s-2)(b)(A):
Willful Refusal/Failure to Investigate and/or Rectify Error in Reporting)

201.   In response to paragraph 201 of the FAC, Defendants repeat and re-allege their responses to paragraphs 1-2010 of the FAC.

202.   Defendants deny the allegations of paragraph 202 of the FAC.

203.   Defendants deny the allegations of paragraph 203 of the FAC.

204.   Defendants deny the allegations of paragraph 204 of the FAC.

205.   Defendants deny the allegations of paragraph 205 of the FAC.

**COUNT VI**
(Fair Credit Reporting Act, 15 U.S.C. §1681s-2)(b)(A):
Negligent Refusal/Failure to Investigate and/or Rectify Error in Reporting)

206.   The allegations contained in paragraph 206 of the FAC consist of legal argument and conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required Defendants deny the allegations of paragraph 206 of the FAC.

207.     In response to paragraph 207 of the FAC, Defendants repeat and re-allege their responses to paragraphs 1-2076 of the FAC.

208.     Defendants deny the allegations of paragraph 208 of the FAC.

209.     Defendants deny the allegations of paragraph 209 of the FAC.

210.     Defendants deny the allegations of paragraph 210 of the FAC.

211.     Defendants deny the allegations of paragraph 211 of the FAC.

**COUNT VII**
(New York Fair Credit Reporting Act, GBL, Section 380-b:
Willfully Obtaining Consumer Reports Without A Permissible Purpose And/or Under
False Pretenses And/or Without Providing Advance Notice)

212.     In response to paragraph 212 of the FAC, Defendants repeat and re-allege their responses to paragraphs 1-211 of the FAC.

213.     Defendants deny the allegations of paragraph 213 of the FAC.

214.     Defendants deny the allegations of paragraph 214 of the FAC.

215.     Defendants deny the allegations of paragraph 215 of the FAC.

216.     Defendants deny the allegations of paragraph 216 of the FAC.

217.     Defendants deny the allegations of paragraph 217 of the FAC.

**COUNT VIII**
(New York Fair Credit Reporting Act, GBL, Section 380-b:
Negligently Obtaining Consumer Reports Without A Permissible Purpose And/or
Without Providing Advance Notice)

218.     The allegations contained in paragraph 218 of the FAC consist of legal argument and conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required Defendants deny the allegations of paragraph 218 of the FAC.

219.     In response to paragraph 219 of the FAC, Defendants repeat and re-allege their responses to paragraphs 1-2198 of the FAC.

220.     Defendants deny the allegations of paragraph 220 of the FAC.

221.   Defendants deny the allegations of paragraph 221 of the FAC.

222.   Defendants deny the allegations of paragraph 222 of the FAC.

223.   Defendants deny the allegations of paragraph 223 of the FAC.

224.   Defendants deny the allegations of paragraph 224 of the FAC.

**COUNT IX**
(New York Fair Credit Reporting Act, GBL, Section 380-l:
Willful Reporting of False Information and/or Refusal/Failure to Investigate and/or
Rectify Error in Reporting)

225.   In response to paragraph 225 of the FAC, Defendants repeat and re-allege their

responses to paragraphs 1-2254 of the FAC.

226.   Defendants deny the allegations of paragraph 226 of the FAC.

227.   Defendants deny the allegations of paragraph 227 of the FAC.

**COUNT X**
(New York Fair Credit Reporting Act, GBL, Section 380-m:
Negligent Refusal/Failure to Investigate and/or Rectify Error in Reporting)

228.   The allegations contained in paragraph 228 of the FAC consist of legal argument

and conclusions, to which no responsive pleading is required, but to the extent a responsive

pleading is required Defendants deny the allegations of paragraph 228 of the FAC.

229.   In response to paragraph 229 of the FAC, Defendants repeat and re-allege their

responses to paragraphs 1-2298 of the FAC.

230.   Defendants deny the allegations of paragraph 230 of the FAC.

231.   Defendants deny the allegations of paragraph 231 of the FAC.

**COUNT XI**
(New York General Business Law Article 22-A)

232.   In response to paragraph 232 of the FAC, Defendants repeat and re-allege their

responses to paragraphs 1-2321 of the FAC.

233.    Defendants deny the allegations of paragraph 233 of the FAC and affirmatively state that this Court and the Civil Court of the City of New York, New York County have found that Plaintiffs Glasgow, Norris, and Moore signed leases with NLS, MBF and/or LFG and were liable to NLS, MBF and/or LFG pursuant to the terms of the leases.

234.    Defendants deny the allegations of paragraph 234 of the FAC.

235.    Defendants deny the allegations of paragraph 235 of the FAC.

236.    Defendants deny the allegations of paragraph 236 of the FAC.

## COUNT XII
### (Fraud)

237.    In response to paragraph 237 of the FAC, Defendants repeat and re-allege their responses to paragraphs 1-2376 of the FAC.

238.    Defendants deny the allegations of paragraph 238 of the FAC.

239.    Defendants deny the allegations of paragraph 239 of the FAC.

240.    Defendants deny the allegations of paragraph 240 of the FAC.

241.    Defendants deny the allegations of paragraph 241 of the FAC.

## Jury Trial Demanded

242.    The allegations contained in paragraph 242 of the FAC consist of legal argument and conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required Defendants deny the allegations of paragraph 242 of the FAC.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

1.      The FAC fails to state a cause of action against Defendants for violation of the civil RICO Act, 18 U.S.C. §§ 1962(c) and (d), and fails to state any other cause of action based in statute or common law.

2.      Defendants are not employed by or associated with a RICO enterprise.

3.      Defendants do not conduct or participate, directly or indirectly, in the conduct of a RICO enterprise's affairs.

4.      There is no pattern of racketeering activity, either closed-ended or open-ended, or collection of unlawful debt, and Defendants have not participated therein.

5.      Plaintiffs were not injured by a pattern of racketeering activity.

6.      Defendants were not either the but-for cause, or the proximate cause, of Plaintiffs' alleged injury(ies).

7.      Plaintiffs were not injured by reason of violations of § 1962(c).

8.      Defendants did not injure Plaintiffs in her/his/their business or property.

9.      Plaintiffs' alleged injury(ies) involved only isolated transactions.

10.     Plaintiffs' alleged damages are not compensable under RICO.

11.     Defendants have not committed, or aided and abetted, wire fraud, mail fraud, extortion under federal or state law, or any other predicate acts that constitute a pattern of racketeering activity.

12.     Defendants did not participate in a RICO conspiracy.

13.     Defendants did not extort, or attempt to extort, Plaintiffs.

14.     NLS, MBF and/or LFG commenced an action in the New York City Civil Court against Plaintiffs Glasgow, Norris, and Moore without any knowledge that these Plaintiffs

claimed or would claim that his/her signature on the lease was forged.  To the contrary, prior to the filing of the Summons and Complaint in the New York City Civil Court, Plaintiffs Glasgow, Norris, and Moore acknowledged their obligations under their leases.

SECOND AFFIRMATIVE DEFENSE

15.     The allegations in the FAC against Defendants do not satisfy the pleading requirements of Fed. R. Civ. P. 9(b) or of Fed. R. Civ. P. 8(a).

16.     Defendants do not have fair notice of Plaintiffs' claim against them.

17.     Plaintiffs' claims against Defendants are vague and ambiguous.

18.     The allegations of the FAC fail to distinguish between the acts of the Defendants.

THIRD AFFIRMATIVE DEFENSE

19.     Plaintiffs lack standing.

20.     The Court lacks subject matter jurisdiction.

FOURTH AFFIRMATIVE DEFENSE

21.     The FAC fails to state a cause of action against Defendants.

22.     Any Defendant that acted with respect to Plaintiffs' credit report always had a permissible purpose.

23.     None of the reports made to a credit reporting agency were inaccurate.

24.     Any Individual Defendant that acted with respect to Plaintiffs' credit report did not do so for personal purposes and did not have an independent interest in Plaintiffs' credit report.

25.     The reports at issue were obtained in connection with a business transaction, and not in connection with a consumer transaction.

26.     Plaintiffs are not consumers for purposes of the FCRA and NYFCRA.

27.     Plaintiffs have not sustained damages cognizable under the FCRA or NY FCRA.

28.     Defendants' alleged violation of FCRA did not cause harm to Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

29.     Plaintiffs' claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

30.     Plaintiffs' claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

31.     Plaintiffs' claims are barred by the doctrines of waiver and release.

## EIGHTH AFFIRMATIVE DEFENSE

32.     Plaintiffs' claims are barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

33.     Plaintiffs failed to mitigate or otherwise act to lessen or reduce the damages alleged.

## TENTH AFFIRMATIVE DEFENSE

34.     Plaintiffs are not entitled to interest or to punitive, extraordinary, speculative or non-foreseeable damages or to counsel fees and costs pursuant to law or contract.

## ELEVENTH AFFIRMATIVE DEFENSE

35.     Plaintiffs' claims are barred by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSES

36.     Plaintiffs' leases are not forged.

37.     Plaintiffs' leases are not fraudulent.

38.     Plaintiffs admit that the leases were not forged or fraudulent to the extent she/he/they, *inter alia*, rely on the choice of New York jurisdiction clauses therein, and made other admissions.

## THIRTEENTH AFFIRMATIVE DEFENSE

39.     Plaintiffs' claims are barred by the doctrine of improper claim-splitting.

40.     Plaintiffs' claims are barred by their failure to assert them as defenses or counter-claims to any Civil Court Action.

## FOURTEENTH AFFIRMATIVE DEFENSE

41.     The Causes of Action which allege a violation of section 380-b of the General Business Law are available only to New York consumers.

42.     Plaintiffs are not New York consumers.

## **FIRST COUNTERCLAIM**
## **ON BEHALF OF MBF LEASING, LLC**
(Breach Of Guarantee Against Elaine Aghaeepour)

1.      In the course of its business, MBF supplies financing for the leasing of electronic point-of-sale equipment to merchants selecting such equipment from a third-party equipment vendor or supplier.

2.      On or about March 6, 2008, MBF, as lessor, entered into an Equipment Finance Lease agreement with ABC Check Cashing ("ABCCC"), payment on which was personally guaranteed by Plaintiff Elaine Aghaeepour.

3.      The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as the "MBF Aghaeepour Agreement."

4.      The MBF Aghaeepour Agreement provides that in the event of a default, MBF may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the MBF Aghaeepour Agreement.

5.      Plaintiff Elaine Aghaeepour unconditionally guaranteed all of ABCCC's obligations to MBF under the MBF Aghaeepour Agreement, including the basic monthly lease payment by ABCCC to MBF of $79.95 for a period of 48 months, plus MBF's attorney's fees and legal costs incurred in enforcing the MBF Aghaeepour Agreement.

6.      ABCCC defaulted by failing to make the required monthly lease payments under the MBF Aghaeepour Agreement.  ABCCC made its last payment under the MBF Aghaeepour Agreement on October 1, 2008 for a total amount paid of $639.60.

7.      As a result of ABCCC's failure to make the payment due on November 1, 2008 and each and every monthly lease payment due thereafter, there has been a default under the MBF Aghaeepour Agreement.

8.      Thus, there is presently due and owing from ABCCC to MBF the remaining unpaid lease balance of $3,198.00 with interest thereon from November 1, 2008, plus MBF's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

9.      Therefore, pursuant to Plaintiff Elaine Aghaeepour's personal guaranty, including her unconditional guaranty to pay MBF's attorney's fees and legal costs incurred in enforcing the MBF Aghaeepour Agreement, there is presently due and owing from Plaintiff Elaine Aghaeepour to MBF the sum of $3,198.00 with interest thereon from November 1, 2008, plus MBF's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

## SECOND COUNTERCLAIM
## ON BEHALF OF NORTHERN LEASING SYSTEMS, INC.
(Breach Of Guarantee Against Elaine Aghaeepour)

10.      In the course of its business, NLS supplies financing for the leasing of electronic point-of-sale equipment to merchants selecting such equipment from a third-party equipment vendor or supplier.

11.      On or about October 10, 2007, NLS, as lessor, entered into an Equipment Finance Lease agreement with ABC Services ("ABCS"), payment on which was personally guaranteed by Plaintiff Elaine Aghaeepour.

12.      The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as the "NLS Aghaeepour Agreement".

13.      The NLS Aghaeepour Agreement provides that in the event of a default, NLS may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the NLS Aghaeepour Agreement.

14.      Plaintiff Elaine Aghaeepour unconditionally guaranteed all of ABCS's obligations to NLS under the NLS Aghaeepour Agreement, including the basic monthly lease payment by ABCS

to NLS of $39.00 for a period of 48 months, plus NLS's attorney's fees and legal costs incurred in enforcing the NLS Aghaeepour Agreement.

15.     ABCS defaulted by failing to make the required monthly lease payments under the NLS Aghaeepour Agreement.  ABCS made its last payment under the NLS Aghaeepour Agreement on October 1, 2008 for a total amount paid of $507.00.

16.     As a result of ABCS's failure to make the payment due on November 1, 2008 and each and every monthly lease payment due thereafter, there has been a default under the NLS Aghaeepour Agreement.

17.     Thus, there is presently due and owing from ABCS to NLS the remaining unpaid lease balance of $1,365.00 with interest thereon from November 1, 2008, plus NLS's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

18.     Therefore, pursuant to Plaintiff Elaine Aghaeepour's personal guaranty, including her unconditional guaranty to pay NLS's attorney's fees and legal costs incurred in enforcing the NLS Aghaeepour Agreement, there is presently due and owing from Plaintiff Elaine Aghaeepour to NLS the sum of $1,365.00 with interest thereon from November 1, 2008, plus NLS's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

### THIRD COUNTERCLAIM
### ON BEHALF OF NORTHERN LEASING SYSTEMS, INC.
(Breach Of Guarantee Against Ashley Glasgow)

19.     In the course of its business, NLS supplies financing for the leasing of electronic point-of-sale equipment to merchants selecting such equipment from a third-party equipment vendor or supplier.

20.     On or about July 23, 2007, NLS, as lessor, entered into an Equipment Finance Lease agreement with Fine Art and Cigars of Tampa ("FACT"), payment on which was personally guaranteed by Plaintiff Ashley Glasgow.

21.    The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as the "Glasgow Agreement".

22.    The Glasgow Agreement provides that in the event of a default, NLS may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Glasgow Agreement.

23.    Plaintiff Ashley Glasgow unconditionally guaranteed all of FACT's obligations to NLS under the Glasgow Agreement, including the basic monthly lease payment by FACT to NLS of $89.00 for a period of 48 months, plus NLS's attorney's fees and legal costs incurred in enforcing the Glasgow Agreement.

24.    FACT defaulted by failing to make the required monthly lease payments under the Glasgow Agreement.  FACT made its last payment under the Glasgow Agreement on March 1, 2008 for a total amount paid of $809.91.

25.    As a result of FACT's failure to make the payment due on April 1, 2008 and each and every monthly lease payment due thereafter, there has been a default under the Glasgow Agreement.

26.    As a result of Plaintiff Ashley Glasgow's failure to fulfill the obligations of her personal guaranty, including her unconditional guaranty to pay NLS's attorney's fees and legal costs incurred in enforcing the Glasgow Agreement, there has been a default under the Glasgow Agreement.

27.    Accordingly, on December 5, 2013, NLS secured a judgment in the Civil Court of the City of New York, County of New York against Plaintiff Ashley Glasgow and in favor of NLS in the amount of $5,404.42 for breach of the Glasgow Agreement.

28.     By Order and Decision dated March 28, 2014, the Civil Court of the City of New York, County of New York denied Plaintiff Ashley Glasgow's motion to vacate the judgment and dismiss the complaint against her.

29.     By Order and Decision dated April 30, 2014, the Civil Court of the City of New York, County of New York denied Plaintiff Ashley Glasgow's motion for reargument of the court's denial of her motion to vacate the judgment and dismiss the complaint against her.

30.     To date, no portion of the judgment has been satisfied.

31.     Since December 5, 2013, NLS has incurred attorney's fees and legal costs incurred in enforcing the Glasgow Agreement.

32.     Therefore, pursuant to Plaintiff Ashley Glasgow's personal guaranty, including her unconditional guaranty to pay NLS's attorney's fees and legal costs incurred in enforcing the Glasgow Agreement, there is presently due and owing from Plaintiff Ashley Glasgow an amount to be determined at trial consisting of NLS's attorney's fees and legal costs incurred since December 5, 2013 including, but not limited to, the defense of this action and the prosecution of this counterclaim.

## FOURTH COUNTERCLAIM
## ON BEHALF OF MBF LEASING, LLC
(Breach Of Guarantee Against Julie Higgins f/k/a Julie Nielsen)

33.     In the course of its business, MBF supplies financing for the leasing of electronic point-of-sale equipment to merchants selecting such equipment from a third-party equipment vendor or supplier.

34.     On or about April 5, 2006, MBF, as lessor, entered into an Equipment Finance Lease agreement with Hayes Video, payment on which was personally guaranteed by Plaintiff Julie Higgins f/k/a Julie Nielsen.

35.     The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as "Higgins Agreement 1".

36.     Higgins Agreement 1 provides that in the event of a default, MBF may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of Higgins Agreement 1.

37.     Plaintiff Julie Higgins f/k/a Julie Nielsen unconditionally guaranteed all of Hayes Video's obligations to MBF under Higgins Agreement 1, including the basic monthly lease payment by Hayes Video to MBF of $59.95 for a period of 48 months, plus MBF's attorney's fees and legal costs incurred in enforcing Higgins Agreement 1.

38.     Hayes Video defaulted by failing to make the required monthly lease payments under Higgins Agreement 1.  Hayes Video made its last payment under Higgins Agreement 1 on January 1, 2008 for a total amount paid of $1,318.90.

39.     As a result of Hayes Video's failure to make the payment due on February 1, 2008 and each and every monthly lease payment due thereafter, there has been a default under Higgins Agreement 1.

40.     Thus, there is presently due and owing from Hayes Video to MBF the remaining unpaid lease balance of $1,558.70 with interest thereon from February 1, 2008, plus MBF's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

41.     Therefore, pursuant to Plaintiff Julie Higgins f/k/a Julie Nielsen's personal guaranty, including her unconditional guaranty to pay MBF's attorney's fees and legal costs incurred in enforcing Higgins Agreement 1, there is presently due and owing from Plaintiff Julie Higgins f/k/a Julie Nielsen to MBF the sum of $1,558.70 with interest thereon from February 1, 2008, plus MBF's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

## FIFTH COUNTERCLAIM
## ON BEHALF OF MBF LEASING, LLC
(Breach Of Guarantee Against Julie Higgins f/k/a Julie Nielsen)

42.    In the course of its business, MBF supplies financing for the leasing of electronic point-of-sale equipment to merchants selecting such equipment from a third-party equipment vendor or supplier.

43.    On or about July 14, 2005, MBF, as lessor, entered into an Equipment Finance Lease agreement with Hayes Video, payment on which was personally guaranteed by Plaintiff Julie Higgins f/k/a Julie Nielsen.

44.    The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as "Higgins Agreement 2".

45.    Higgins Agreement 2 provides that in the event of a default, MBF may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Higgins Agreement 2.

46.    Plaintiff Julie Higgins f/k/a Julie Nielsen unconditionally guaranteed all of Hayes Video's obligations to MBF under Higgins Agreement 2, including the basic monthly lease payment by Hayes Video to MBF of $159.95 for a period of 48 months, plus MBF's attorney's fees and legal costs incurred in enforcing Hayes Agreement 2.

47.    Hayes Video defaulted by failing to make the required monthly lease payments under Higgins Agreement 2.  Hayes Video made its last payment under Higgins Agreement 2 on January 1, 2008 for a total amount paid of $4,958.45.

48.    As a result of Hayes Video's failure to make the payment due on February 1, 2008 and each and every monthly lease payment due thereafter, there has been a default under Higgins Agreement 2.

49.     Thus, there is presently due and owing from Hayes Video to MBF the remaining unpaid lease balance of $2,719.15 with interest thereon from February 1, 2008, plus MBF's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

50.     Therefore, pursuant to Plaintiff Julie Higgins f/k/a Julie Nielsen's personal guaranty, including her unconditional guaranty to pay MBF's attorney's fees and legal costs incurred in enforcing Higgins Agreement 2, there is presently due and owing from Plaintiff Julie Higgins f/k/a Julie Nielsen to MBF the sum of $2,719.15 with interest thereon from February 1, 2008, plus MBF's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

### SIXTH COUNTERCLAIM
### ON BEHALF OF LEASE FINANCE GROUP, LLC
(Breach Of Guarantee Against Shane Moore)

51.     In the course of its business, LFG supplies financing for the leasing of electronic point-of-sale equipment to merchants selecting such equipment from a third-party equipment vendor or supplier.

52.     On or about December 23, 2008, LFG, as lessor, entered into an Equipment Finance Lease agreement with Mancino's Pizza & Grinders ("MPG"), payment on which was personally guaranteed by Plaintiff Shane Moore a/k/a Matthew Moore a/k/a Shane M. Moore.

53.     The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as the "Moore Agreement".

54.     The Moore Agreement provides that in the event of a default, LFG may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Moore Agreement.

55.     Plaintiff Shane Moore a/k/a Matthew Moore a/k/a Shane M. Moore unconditionally guaranteed all of MPG's obligations to LFG under the Moore Agreement, including the basic

monthly lease payment by MPG to LFG of $99.95 for a period of 60 months, plus LFG's attorney's fees and legal costs incurred in enforcing the Moore Agreement.

56.     MPG defaulted by failing to make the required monthly lease payments under the Moore Agreement.  MPG made its last payment under the Moore Agreement on December 23, 2010 for a total amount paid of $2,498.75.

57.     As a result of MPG's failure to make the payment due on January 23, 2011 and each and every monthly lease payment due thereafter, there has been a default under the Moore Agreement.

58.     As a result of Plaintiff Shane Moore a/k/a Matthew Moore a/k/a Shane M. Moore's failure to fulfill the obligations of his personal guaranty, including his unconditional guaranty to pay LFG's attorney's fees and legal costs incurred in enforcing the Moore Agreement, there has been a default under the Moore Agreement.

59.     Accordingly, on April 24, 2012, LFG secured a judgment in the Civil Court of the City of New York, County of New York against Plaintiff Shane Moore a/k/a Matthew Moore a/k/a Shane M. Moore and in favor of LFG in the amount of $1,265.60 for breach of the Moore Agreement.

60.     To date, no portion of the judgment has been satisfied.

61.     Since April 24, 2012, LFG has incurred attorney's fees and legal costs incurred in enforcing the Moore Agreement.

62.     Therefore, pursuant to Plaintiff Shane Moore a/k/a Matthew Moore a/k/a Shane M. Moore's personal guaranty, including his unconditional guaranty to pay LFG's attorney's fees and legal costs incurred in enforcing the Moore Agreement, there is presently due and owing from Plaintiff Shane Moore a/k/a Matthew Moore a/k/a Shane M. Moore an amount to be determined at

trial consisting of LFG's attorney's fees and legal costs incurred since April 24, 2012 including, but not limited to, the defense of this action and the prosecution of this counterclaim.

### SEVENTH COUNTERCLAIM
### ON BEHALF OF MBF LEASING, LLC
(Breach Of Guarantee Against Michele Norris)

63.     In the course of its business, MBF supplies financing for the leasing of electronic point-of-sale equipment to merchants selecting such equipment from a third-party equipment vendor or supplier.

64.     On or about June 17, 2005, MBF, as lessor, entered into an Equipment Finance Lease agreement with M&J Hair Designers ("M&J"), payment on which was personally guaranteed by Plaintiff Michele Norris a/k/a Michele L. Norris.

65.     The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as the "Norris Agreement".

66.     The Norris Agreement provides that in the event of a default, MBF may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Norris Agreement.

67.     Plaintiff Michele Norris a/k/a Michele L. Norris unconditionally guaranteed all of M&J's obligations to MBF under the Norris Agreement, including the basic monthly lease payment by M&J to MBF of $59.95 for a period of 48 months, plus MBF's attorney's fees and legal costs incurred in enforcing the Norris Agreement.

68.     M&J defaulted by failing to make the required monthly lease payments under the Norris Agreement.  M&J made its last payment under the Norris Agreement on February 1, 2007 for a total amount paid of $1,258.95.

69.     As a result of M&J's failure to make the payment due on March 1, 2007 and each and every monthly lease payment due thereafter, there has been a default under the Norris Agreement.

70.     As a result of Plaintiff Michele Norris a/k/a Michele L. Norris's failure to fulfill the obligations of her personal guaranty, including her unconditional guaranty to pay MBF's attorney's fees and legal costs incurred in enforcing the Norris Agreement, there has been a default under the Norris Agreement.

71.     Accordingly, on July 30, 2013, MBF secured a judgment in the Civil Court of the City of New York, County of New York against Plaintiff Michele Norris a/k/a Michele L. Norris and in favor of MBF in the amount of $2,645.80 for breach of the Norris Agreement.

72.     By Order and Decision dated May 12, 2014, the Civil Court of the City of New York, County of New York denied Plaintiff Michele Norris a/k/a Michele L. Norris's motion to vacate the judgment and dismiss the complaint against her or, in the alternative, permit her to file an answer.

73.     To date, no portion of the judgment has been satisfied.

74.     Since July 30, 2013, MBF has incurred attorney's fees and legal costs incurred in enforcing the Norris Agreement.

75.     Therefore, pursuant to Plaintiff Michele Norris a/k/a Michele L. Norris's personal guaranty, including her unconditional guaranty to pay MBF's attorney's fees and legal costs incurred in enforcing the Norris Agreement, there is presently due and owing from Plaintiff Michele Norris a/k/a Michele L. Norris an amount to be determined at trial consisting of MBF's attorney's fees and legal costs incurred since July 30, 2013 including, but not limited to, the defense of this action and the prosecution of this counterclaim.

**EIGHTH COUNTERCLAIM**
**ON BEHALF OF NORTHERN LEASING SYSTEMS, INC.**
(Breach Of Guarantee Against Jesus J. Rivera)

76.    In the course of its business, NLS supplies financing for the leasing of electronic point-of-sale equipment to merchants selecting such equipment from a third-party equipment vendor or supplier.

77.    On or about July 26, 2006, NLS, as lessor, entered into an Equipment Finance Lease agreement with Azteca Mexican Store ("Azteca"), payment on which was personally guaranteed by Plaintiff Jesus J. Rivera.

78.    The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as the "Rivera Agreement".

79.    The Rivera Agreement provides that in the event of a default, NLS may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Rivera Agreement.

80.    Plaintiff Jesus J. Rivera unconditionally guaranteed all of Azteca's obligations to NLS under the Rivera Agreement, including the basic monthly lease payment by Azteca to NLS of $68.00 for a period of 48 months, plus NLS's attorney's fees and legal costs incurred in enforcing the Rivera Agreement.

81.    Azteca defaulted by failing to make the required monthly lease payments under the Rivera Agreement.  Azteca made its last payment under the Rivera Agreement on October 1 2006 for a total amount paid of $204.00.

82.    As a result of Azteca's failure to make the payment due on November 1, 2006 and each and every monthly lease payment due thereafter, there has been a default under the Rivera Agreement.

83.     Thus, there is presently due and owing from Azteca to NLS the remaining unpaid lease balance of $3,060.00 with interest thereon from November 1, 2006, plus NLS's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

84.     Therefore, pursuant to Plaintiff Jesus J. Rivera's personal guaranty, including his unconditional guaranty to pay NLS's attorney's fees and legal costs incurred in enforcing the Rivera Agreement, there is presently due and owing from Plaintiff Jesus J. Rivera to NLS the sum of $3,060.00 with interest thereon from November 1, 2006, plus NLS's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

### NINTH COUNTERCLAIM
### ON BEHALF OF NORTHERN LEASING SYSTEMS, INC.
(Breach Of Guarantee Against Ray Schilber)

85.     In the course of its business, NLS supplies financing for the leasing of electronic point-of-sale equipment to merchants selecting such equipment from a third-party equipment vendor or supplier.

86.     On or about October 25, 2013, NLS, as lessor, entered into an Equipment Finance Lease agreement with Raymond Dale Schilber d/b/a Schilber's Fine Jewelry ("SFJ"), payment on which was personally guaranteed by Plaintiff Ray Schilber.

87.     The lease agreement and guarantee described in the previous paragraph are collectively referred to herein as the "Schilber Agreement".

88.     The Schiber Agreement provides that in the event of a default, NLS may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly lease payments for the original term of the Schilber Agreement.

89.     Plaintiff Ray Schilber unconditionally guaranteed all of SFJ's obligations to NLS under the Schilber Agreement, including the basic monthly lease payment by SFJ to NLS of $99.00

for a period of 48 months, plus NLS's attorney's fees and legal costs incurred in enforcing the Schilber Agreement.

90.   SFJ defaulted by failing to make the required monthly lease payments under the Schilber Agreement.  SFJ made its last payment under the Schilber Agreement on November 1, 2013 for a total amount paid of $198.00.

91.   As a result of SFJ's failure to make the payment due on December 1, 2013 and each and every monthly lease payment due thereafter, there has been a default under the Schilber Agreement.

92.   Thus, there is presently due and owing from SFJ to NLS the remaining unpaid lease balance of $4,554.00 with interest thereon from December 1, 2013, plus NLS's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

93.   Therefore, pursuant to Plaintiff Ray Schilber's personal guaranty, including his unconditional guaranty to pay NLS's attorney's fees and legal costs incurred in enforcing the Schilber Agreement, there is presently due and owing from Plaintiff Ray Schilber to NLS the sum of $4,554.00 with interest thereon from December 1, 2013, plus NLS's attorney's fees and legal costs in the defense of this action and the prosecution of this counterclaim.

**WHEREFORE**, Defendants demand judgment as follows:

A.      dismissing each cause of action asserted in the FAC against each Defendant, with prejudice

B.      on the first counterclaim, relating to the MBF Aghaeepour Agreement, a money judgment against Plaintiff Elaine Aghaeepour and in favor of MBF for such damages as are proved at trial, believed to be in excess of $200,000, together with appropriate interest thereon and punitive damages in an amount to be determined at trial;

C.      on the second counterclaim, relating to the NLS Aghaeepour Agreement, a money judgment against Plaintiff Elaine Aghaeepour and in favor of NLS for such damages as are proved at trial, believed to be in excess of $200,000, together with appropriate interest thereon in an amount to be determined at trial;

D.      on the third counterclaim, relating to the Glasgow Agreement, a money judgment against Plaintiff Ashley Glasgow and in favor of NLS for such damages as are proved at trial, together with appropriate interest thereon in an amount to be determined at trial;

E.      on the fourth counterclaim, relating to Higgins Agreement 1, a money judgment against Plaintiff Julie Higgins f/k/a Julie Nielsen and in favor of MBF for such damages as are proved at trial, believed to be in excess of $200,000, together with appropriate interest thereon in an amount to be determined at trial;

F.      on the fifth counterclaim, relating to Higgins Agreement 2, a money judgment against Plaintiff Julie Higgins f/k/a Julie Nielsen and in favor of MBF for such damages as are proved at trial, believed to be in excess of $200,000, together with appropriate interest thereon in an amount to be determined at trial;

G.      on the sixth counterclaim, relating to the Moore Agreement, a money judgment against Plaintiff Shane Moore a/k/a Matthew Moore a/k/a Shane M. Moore and in favor of LFG for such damages as are proved at trial, together with appropriate interest thereon in an amount to be determined at trial;

H.      on the seventh counterclaim, relating to the Norris Agreement, a money judgment against Plaintiff Michele Norris a/k/a Michele L. Norris and in favor of MBF for such damages as are proved at trial, together with appropriate interest thereon in an amount to be determined at trial;

I.      on the eight counterclaim, relating to the Rivera Agreement, a money judgment against Plaintiff Jesus J. Rivera and in favor of NLS for such damages as are proved at trial,

believed to be in excess of $200,000, together with appropriate interest thereon in an amount to be determined at trial;

J.      on the ninth counterclaim, relating to the Schilber Agreement, a money judgment against Plaintiff Ray Schilber and in favor of NLS for such damages as are proved at trial, believed to be in excess of $200,000, together with appropriate interest thereon in an amount to be determined at trial;

K.      awarding Defendants their costs and disbursements; and

L.      for such other and further relief as the Court deems just.

Dated:   New York, New York
         January 5, 2016

                                        MOSES & SINGER LLP
                                        *Attorneys for Defendants*

                                        By: _____/s/_____
                                             Scott E. Silberfein
                                             Robert D. Lillienstein
                                        The Chrysler Building
                                        405 Lexington Avenue
                                        New York, New York  10174
                                        Tel. 212-554-7800
                                        Fax 212-554-7700