USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/25/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELAINE AGHAEEPOUR, ASHLEY GLASGOW, JULIE HIGGINS, SHANE MOORE, MICHELE NORRIS, JESUS RIVERA, SCHILCO, INC. and RAY SHILBER,

                       Plaintiffs,

-against-

NORTHERN LEASING SYSTEMS, INC., MBF LEASING, LLC, LEASE FINANCE GROUP, LLC, LOUIS CUCINOTTA, JENNIFER CENTENO a/k/a JENNIFER NUGENT, JAY COHEN, SARA KRIEGER, JOSEPH I. SUSSMAN, and JOSEPH I. SUSSMAN, P.C.,

                       Defendants.

14 cv 5449 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

Elaine Aghaeepour ("Aghaeepour"); Ashley Glasgow ("Glasgow"); Julie Higgins ("Higgins"); Shane Moore ("Moore"); Michele Norris ("Norris"); Jesus Rivera ("Rivera"); Schilco, Inc. ("Schilco"); and Ray Schilber ("Schilber") (collectively, "Plaintiffs") filed the instant Complaint against Jay Cohen ("Cohen"); Sara Krieger ("Krieger"); Jennifer Centeno ("Centeno"); Louis Cucinotta ("Cucinotta") (collectively, "Individual Defendants"); Joseph I. Sussman ("Sussman"); Joseph I. Sussman, P.C. ("Sussman, P.C.") (collectively, "Sussman Defendants"); Lease Finance Group, LLC ("LFG"); MBF Leasing, LLC ("MBF"); and Northern Leasing Systems, Inc. ("NLS") (collectively, "Corporate Defendants") (with Individual Defendants and Sussman Defendants, collectively, "Defendants"), alleging claims under the federal Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, 1964; the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b(f), 1681s-2(b)(A); New York's Anti–Deceptive Trade Practices Act ("NYFCRA"), N.Y. Gen. Bus. Law §§ 349, 380; and

common law fraud (*See* First Am. Compl. ("Compl."), ECF No. 6.) On December 1, 2015, this Court ruled on Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). (*See* Opinion & Order, ECF No. 19.) (the "December Order"). Presently before the Court is Defendants' Motion for Reconsideration of the December Order.

For the reasons set forth below, the Defendants' motion (ECF No. 20) is DENIED.

## LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict. *Targum v. Citrin Cooperman & Conipany, LLP*, 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court[.]" *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a 'second bite at the apple . . . .'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'") (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.)). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005)

(internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759, & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## DISCUSSION

Familiarity with the December Order is presumed. Defendants, on the instant motion, argue that the December Order (i) does not contain any discussion of or decision on Defendants' motion to dismiss Count XII of the FAC, fraud; (ii) does not address Defendants' argument regarding Plaintiffs' failure to properly plead "control of an enterprise" in order to maintain claims against the individual Defendants; (iii) should have dismissed with prejudice the inaccurate reporting claims of Plaintiffs Glasgow, Moore and Norris for the same reason that their claims for RICO violations were dismissed, *res judicata*; and (iv) in its concluding paragraph, subsection (3), does not accurately reflect the claims dismissed. (*See* Defendants' Memorandum of Law in Support of Motion to Seek Reconsideration of Decision and Order on Motion to Dismiss the First Amended Complaint ("Defs. Memo"), ECF No. 21, at 1.) Each argument will be addressed in turn.

### I.     Defendants' Motion to Dismiss Count XII for Fraud

Defendants argue that "dismissal [of the fraud claims] was [] warranted because the common law fraud claim does not specify the content of any fraudulent communications to any Plaintiff, who sent them, where and when they took place, that Plaintiff reasonably relied on them, or why they were fraudulent." (Defs. Memo, at 2.) Defendants' attempt to distinguish this argument from the pleading requirement under Fed. R. Civ. P. 9(b) is meritless. Plaintiffs addressed this argument in their memorandum (Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the First Amended Complaint, ECF No. 17, at 2-8.), and the

Court addressed this argument sufficiently in its opinion.[1] (*See* December Opinion, at 8-12.) Defendants have not provided the Court with any new decisions or data that the Court overlooked, and they may not simply rehash this argument on a motion for reconsideration. *See Analytical Surveys*, 684 F.3d at 52.

Defendants further argue that the claims for common law fraud of Plaintiffs Glasgow, Moore and Norris should have been dismissed because their claims were barred by *res judicata*. In their motion to dismiss, Defendants did not move to dismiss these fraud claims on the basis of *res judicata*. In light of this failure, the Court did not venture out to decide whether these additional claims were barred by *res judicata*. This argument is therefore presented for the first time on this motion for reconsideration and is improper.[2] *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 265 F.3d at 115 (in moving for reconsideration, "a party may not advance new facts, issues, or arguments not previously presented to the Court.") (internal citations omitted).

## II.  Direction or Control of the Enterprise

Next, Defendants repeat their argument that the Plaintiffs' RICO claims should be dismissed "[b]ecause the [Complaint] does not adequately allege that each Defendant directed or controlled the affairs of the RICO enterprise." (Defs. Memo, at 5-6.) Not only was this argument improperly asserted in Defendants' original reply papers—rather than moving papers—but the Court specifically addressed the exact argument notwithstanding Defendants' error in raising it:

> Moreover, despite Defendants' argument that the "allegations are insufficient to plausibly allege that each of these defendants controlled the alleged fraudulent scheme," Plaintiffs have sufficiently described each defendant's participation. … Defendant misapplies the control requirement. As outlined in the very case

---

[1] Contrary to Defendants' contention, the Court devotes over 4 pages to this very argument. (*See* December Opinion, at 8-12.) Defendants' claim that the December Order "does not contain any discussion of" their argument to dismiss based on inadequately specific pleading is therefore completely baseless and incomprehensible.

[2] Defendants additionally assert that *res judicata* bars "all of the claims that these Plaintiffs seek to assert in this case." Similarly, this is a new argument, and the Court will not consider it here.

> Defendant cites, "[o]f course, the word 'participate' makes clear that RICO liability is not limited to those with primary responsibility for the enterprise's affairs, just as the phrase 'directly or indirectly' makes clear that RICO liability is not limited to those with a formal position in the enterprise, but some part in directing the enterprise's affairs is required." *Reves v. Ernst & Young*, 507 U.S. 170, 179, 113 S. Ct. 1163, 1170, 122 L. Ed. 2d 525 (1993). A defendant, therefore, does not need to have complete control over the affairs of the Enterprise—he or she must only play some part in directing the scheme.
>
> The Complaint plainly meets this standard as to each defendant. As outlined above, Plaintiffs provide the job titles of each Individual Defendant, as well as how their individual responsibilities demonstrate their participation in the scheme. For example, the Complaint describes how defendant Krieger, the Vice President of Operations for Defendant NLS, is responsible for day-to-day operations and lease originations. (Compl. ¶¶ 111-112, 132.) Given that the fraudulent scheme stems from the origination of leases, defendant Krieger's direction in the scheme is clear. In addition, the Complaint states both the Corporate Defendants and the Sussman Defendants involvement in the scheme (i.e., the forging of leases and collections practices, and the filing of fraudulent lawsuits, respectively). The allegations, when viewed in the light most favorable to Plaintiffs, are sufficient to support an inference that each defendant played some part in directing the scheme.

(December Opinion, at 12.) Again, Defendants have failed to present the Court with any new issue to consider, and this Court will not re-entertain an argument that it has already decided.

### III.     Dismissal of Inaccurate Reporting Claims of Plaintiffs Glasgow, Moore & Norris

The inaccurate reporting claims of Plaintiffs Glasgow, Moore, and Norris were dismissed without prejudice, because the Complaint was missing any allegation that the Defendants received notice of these Plaintiffs' disputes as to the guaranty default entries—an allegation that is required to sustain a claim of inaccurate reporting under the FCRA and NYFCRA. (*See* December Opinion, at 21-22.) These claims were not dismissed "due to the application of the *res judicata* doctrine," as Defendants argue in their current motion. For the same reasons explained above—particularly, Defendants did not move to dismiss the inaccurate reporting

claims on the basis of *res judicata*—the Court did not apply the doctrine to the inaccurate reporting claims, and the claims were dismissed without prejudice in order to allow these Plaintiffs to properly replead, if possible. The Court will not alter its judgment to cure Defendants' failure to properly move in their motion to dismiss.

## IV. Concluding Paragraph

The concluding paragraph in the December Opinion currently dismisses: "(2) all FCRA and NYFCRA claims of plaintiffs Moore and Rivera; (3) the FCRA and NYFCRA claims based on inaccurate reporting of plaintiffs Higgins and Norris." Defendants argue that subsection (3) should also dismiss the claims of Plaintiffs Moore, Rivera, Schilber and Schilco, Inc. However, it is abundantly clear that *all* FCRA and NYFCRA claims of Plaintiffs Moore and Rivera were dismissed in subsection (2). Therefore, only Plaintiffs Shilber and Schilco, Inc. should be added to this clause.[3]

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Reconsideration is DENIED. The Court corrects subsection (3) in the Conclusion of the December Opinion to dismiss the FCRA and NYFCRA claims based on inaccurate reporting of plaintiffs Higgins, Norris, Shilber, and Schilco, Inc. The Clerk of Court is respectfully requested to terminate the pending Motion. (ECF No. 20.)

Dated: February 25, 2016
      White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

[3] The Court notes that although the conclusion of the December Opinion omits these two parties, the body of the opinion clearly states that Schilber and Schilco, Inc.'s inaccurate reporting claims were dismissed.

6