```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/15/2023

ELAINE AGHAEEPOUR, ASHLEY GLASGOW, JULIE HIGGINS, SHANE MOORE, MICHELE NORRIS, JESUS RIVERA, SCHILCO, INC. and RAY SHILBER,

          Plaintiffs,

-against-

NORTHERN LEASING SYSTEMS, INC., MBF LEASING, LLC, LEASE FINANCE GROUP, LLC, LOUIS CUCINOTTA, JENNIFER CENTENO a/k/a JENNIFER NUGENT, JAY COHEN, SARA KRIEGER, JOSEPH I. SUSSMAN, and JOSEPH I. SUSSMAN, P.C.,

          Defendants.

14 cv 5449 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

On or about July 18, 2014, Plaintiffs Elaine Aghaeepour ("Aghaeepour"); Ashley Glasgow ("Glasgow"); Julie Higgins ("Higgins"); Shane Moore ("Moore"); Michele Norris ("Norris"); Jesus Rivera ("Rivera"); Schilco, Inc. ("Schilco"); and Ray Schilber ("Schilber") (collectively, "Plaintiffs") commenced the instant action against Jay Cohen ("Cohen"); Sara Krieger ("Krieger"); Jennifer Centeno ("Centeno"); Louis Cucinotta ("Cucinotta") (collectively, "Individual Defendants"); Joseph I. Sussman ("Sussman"); Joseph I. Sussman, P.C. ("Sussman, P.C.") (collectively, "Sussman Defendants"); Lease Finance Group, LLC ("LFG"); MBF Leasing, LLC ("MBF"); and Northern Leasing Systems, Inc. ("NLS") (collectively, "Corporate Defendants") (with Individual Defendants and Sussman Defendants, collectively, "Defendants"), alleging claims under the federal Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, 1964; the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b(f), 1681s-2(b)(A); New York's Anti–Deceptive Trade Practices Act ("NYFCRA"), N.Y. Gen. Bus. Law §§ 349, 380; and common law fraud. (*See* First Am. Compl. ("Compl."), ECF No. 6.) On

January 17, 2017, Plaintiffs filed a Second Amended Complaint ("SAC") asserting similar claims. (ECF No. 48.) On January 12, 2021, Defendants moved for sanctions as against Plaintiffs Higgins, Rivera, and Zhang due to their failure to appear for court ordered depositions. (ECF No. 154.) The matter was initially referred to Magistrate Judge Lisa Smith and, upon her retirement, to Magistrate Judge Andrew Krause ("MJ Krause") for all pre-trial matters. (ECF No. 32.) On January 12, 2023, Defendants moved for sanctions as against Plaintiffs Higgins, Rivera, and Zhang based on their failure to appear for court-ordered depositions. (ECF No. 154.) Presently before the Court is MJ Krause's Report and Recommendation ("R&R"), which in essence grants the application to the extent that it dismisses Plaintiffs' claims without prejudice. (ECF No. 163.) For the following reasons, the Court adopts the R&R in its entirety.

## BACKGROUND

The following facts are drawn from Plaintiffs' Second Amended Complaint and are taken as true for purposes of resolving the instant Motion. This action stems from Defendants' alleged racketeering scheme to "intimidate out-of-state individuals into paying unwarranted sums of money by commencing or threatening to commence fraudulent lawsuits in New York City Civil Court" based on forged documents. (SAC ¶ 1.) In furtherance of this scheme, Defendants also made inaccurate entries on, and improperly accessed, Plaintiffs' credit reports. (*Id.* ¶ 2.)

## STANDARD OF REVIEW

"A magistrate judge may hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by

rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3).

However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to a report and recommendation, those objections must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent a party "makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton*

*v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Here, neither party timely objected to the R&R. Thus, the Court reviews the R&R for clear error, and it finds none here. MJ Krause conditionally granted Defendants' motion for sanctions to the extent of dismissing Plaintiffs Higgins, Rivera, and Zhang's claims without prejudice; MJ Krause also provided that, in the event said Plaintiffs appeared for their deposition no later than 45 days prior to the deadline for Defendants to file a motion for summary judgment in this action, the dismissal sanction would be deemed vacated. The R&R thereby enables the claims to be adjudicated on the merits without interrupting the normal progression of the litigation.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Krause's R&R in its entirety. Defendants' motion for sanctions is granted to the extent of dismissing Plaintiffs Higgins, Rivera, and Zhang's claims without prejudice. In the event said Plaintiffs appear for their deposition no later than 45 days prior to the deadline for Defendants to file a motion for summary judgment in this action, the dismissal sanction will be deemed vacated only as to those Plaintiffs who timely appear for their depositions. The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 154.

Dated: June 15, 2023  SO ORDERED  
White Plains, New York

_____  
Hon. Nelson S. Román, U.S.D.J

4