UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ELAINE AGHAEEPOUR, *et al.*,

                Plaintiffs,

    -against-

NORTHERN LEASING SYSTEMS, INC., *et al.*,

                Defendants.
------------------------------------------------------------X

**DECISION AND ORDER**

14-cv-5449 (NSR) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

    On May 1, 2023, the undersigned issued a Report and Recommendation ("R&R") regarding Defendants' motion for sanctions against Plaintiffs Julie Higgins ("Higgins"), Jesus Rivera ("Rivera"), and Hong Zhang ("Zhang") (collectively, the "Dismissed Plaintiffs"), based on their failure to appear for their depositions. ECF No. 163. The R&R was adopted by the Honorable Nelson S. Román on June 15, 2023. ECF No. 171. The R&R noted as follows:

> Rule 37(d) of the Federal Rules of Civil Procedure also provides that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Defendants do not address the issue of expenses in their motion papers, nor have they presented the Court with any basis to recommend an award. Accordingly, by May 10, 2023, Defendants must submit a letter of no more than five pages explaining the amount of expenses, if any, that they are seeking in connection with the failure of Plaintiffs Higgins, Rivera, and Zhang to appear for their depositions, along with any documentation necessary to substantiate those expenses, including, for example, receipts for any costs and relevant billing records for a potential award of attorneys' fees.

R&R at 6.

    Defendants filed their letter, seeking an award of $3,960 in attorneys' fees "representing the reasonable expenses Defendants incurred in connection with the effort to determine whether

the Dismissed Plaintiffs were still participating in the matter, followed by the preparation and filing of communications with the Court, compliance with the Court's October 27, 2022 Endorsement (ECF 149), and finally the sanctions motion." ECF No. 165. Defendants maintain that the three-year lapse in communications between the Dismissed Plaintiffs and their counsel is "significant" and that both Plaintiffs' counsel and the Dismissed Plaintiffs "bear[] responsibility for the loss of contact." *Id.* at 2. Plaintiffs filed a responsive letter asserting that an award of sanctions would be "unjust" because Defendants' counsel knew that these Plaintiffs were unavailable for their depositions; this unavailability was not the fault of Plaintiffs' counsel; and the attorneys' fees being sought are not reasonable because they cover time spent on matters involving all Plaintiffs in the case, *i.e.*, "time that would have been spent on the matter regardless of the Dismissed Plaintiffs' status." ECF No. 166.

For the reasons that follow, Defendants' application for an award of attorneys' fees is GRANTED, but the amount of the award is reduced to $3,135.

## DISCUSSION

**I.    Legal Standard**

Rule 37(d) of the Federal Rules of Civil Procedure provides that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); *see Bateman v. Permanent Mission of Chad to the United Nations in New York*, No. 18-cv-416 (PMH), 2021 WL 964272, at *7 (S.D.N.Y. Mar. 15, 2021). "The non-appearing party bears the burden of 'showing that his [or her] failure is justified or that special circumstances make an award of expenses unjust.'" *Martinenko v. 212 Steakhouse, Inc.*, No. 22-cv-518 (JLR) (RWL), 2023 WL

2919559, at *13 (S.D.N.Y. Apr. 12, 2023) (quoting *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008)).  "Conduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action."  *Id.* (cleaned up).

**II.     Appropriateness of the Award**

Here, Plaintiffs' counsel has failed to demonstrate that the Dismissed Plaintiffs' failure to appear for their depositions was justified or that special circumstances make an award of expenses unjust.  Rather, Plaintiffs' counsel does no more than argue in a circular fashion that the "Dismissed Plaintiffs should not be held financially responsible for their unavailability to attend the noticed deposition if they were not available to be made aware of its existence."  ECF No. 166 at 1.  In other words, the Dismissed Plaintiffs' unavailability to attend the depositions should be excused because it was a result of their unavailability to receive notice of those depositions.  As noted by the Court in the R&R, however, the Dismissed Plaintiffs were "unquestionably at fault in failing to maintain contact with their counsel"—this is what caused them to be unaware of Defendants' attempts to schedule their depositions and ultimately necessitated the filing of the sanctions motion.

Plaintiffs' counsel argues that he, too, "should not be held financially responsible for the fees and expenses of Defendants' counsel to pursue the depositions of the Dismissed Plaintiffs, of whom they were well aware were not in contact with their counsel, of which Plaintiffs' counsel had made every reasonable attempt to make contact with its clients."  *Id.* at 1-2.  But as also noted in the R&R, Plaintiffs' counsel had not been in direct contact with the Dismissed Plaintiffs since approximately December 2019 / January 2020, and this failure to maintain contact over several years likewise led to Defendants' inability to take these depositions.  It was

3

entirely appropriate and understandable that Defendants would want to take the depositions of Plaintiffs who still purported to be pursuing their claims in this case, and the logical consequence of those Plaintiffs' failure to appear for their depositions was for Defendants to seek sanctions that would terminate the involvement of those Plaintiffs in this litigation. To the extent Plaintiff's counsel suggests it was unreasonable or improper for Defendants to pursue this course of action, or that Defendants should have to bear the burden of the expenses associated with these efforts, those arguments are unavailing.

Plaintiffs' counsel further contends that "[i]t would be unjust to penalize the Dismissed Plaintiffs and/or their counsel for a violation of Rule 37(d) when no bona fide deposition date had been set and the Defendants had prior knowledge of unavailability." ECF No. 166 at 2. But this argument again ignores the reality that Defendants' inability to depose the Dismissed Plaintiffs is directly attributable to the conduct of the Dismissed Plaintiffs and their counsel in failing to maintain contact with one another. Simply put, Defendants should not themselves be penalized by the Dismissed Plaintiffs' unavailability, even if they were aware of it, when they bear no fault for it. Indeed, as the Court pointed out in the R&R, Plaintiffs' counsel acknowledged that "absent Plaintiff's [sic] participation, Defendants are prejudiced." R&R at 3. While Plaintiffs' counsel adds that an award of attorneys' fees "would impose an unnecessary financial burden on [them] for circumstances outside of their control," *id.* at 2, it is unquestionably Plaintiffs' counsel's responsibility to maintain contact with their clients throughout the course of the litigation. In short, this is not a circumstance that was outside the control of the Dismissed Plaintiffs and Plaintiffs' counsel.

Finally, Plaintiffs' counsel maintains that an award of attorneys' fees would be unjust since "Plaintiff's [sic] have been dismissed from the present case without the ability to refile and

seek the recourse originally sought with the filing of the present case." ECF No. 166 at 2. This is not wholly accurate, and in any event misses the point of the award of attorneys' fees in this context. First, the claims of the Dismissed Plaintiffs have been dismissed *without* prejudice, and the dismissal sanction can be lifted if they appear for their depositions no later than 45 days prior to the deadline for Defendants to file a motion for summary judgment. *See* ECF No. 171 at 4. It is therefore up to the Dismissed Plaintiffs whether they wish to relinquish entirely their opportunity to seek recourse by way of this litigation. Second, Defendants still had to undertake the time and expense of obtaining this sanction from the Court, even though Defendants were not responsible at all for the Dismissed Plaintiffs' nonappearance at their depositions.

In sum, the Court finds that an award of attorneys' fees is appropriate. The Court further finds that Plaintiffs' counsel and the Dismissed Plaintiffs bear equal responsibility for the loss of contact that resulted in the Dismissed Plaintiffs' failure to appear for their depositions. Accordingly, Plaintiffs' counsel and the Dismissed Plaintiffs should each be responsible for paying one-half of the amount awarded. With respect to the Dismissed Plaintiffs' one-half share of the amount awarded, that portion must be allocated such that each individual Dismissed Plaintiff is responsible for one-third of that share.

### III.     Reasonableness of the Attorneys' Fees

"The traditional approach to determining a fee award is the 'lodestar' calculation, which is the number of hours expended multiplied by a reasonable hourly rate." *Martinenko*, 2023 WL 2919559, at *13; *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (A reasonable fee is calculated by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). "The district court retains discretion to determine what constitutes a reasonable fee." *Millea v. Metro North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (cleaned up).

"Both [the Second Circuit Court of Appeals] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Id.* (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) and citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. Here, Defendants' counsel has provided a billing record documenting his time and the amount of fees incurred for the work performed "in connection with the issues surrounding the Dismissed Plaintiffs." *See* ECF No. 165 at 2 & Ex. A.

For the $3,960 in attorneys' fees being requested ($550/hour x 7.2 hours), Defendants' counsel described his billing record as follows:

> The information set forth on Exhibit A was collected directly from invoices sent by the undersigned to Defendants, edited only to remove portions of entries unrelated to the Dismissed Plaintiffs (in which case the time entries were reduced). My hourly rate for this matter is $550. I have been practicing law since 1995, and my understanding is that the foregoing rate is appropriate for an attorney of my experience and credentials.

ECF No. 165 at 2 (emphasis removed). Plaintiffs' counsel challenges the amount of fees being sought by Defendants on the ground that it includes fees for time spent by Defendants' counsel on other issues in the case. *See* ECF No. 166 at 2.

As an initial matter, the Court finds that Defendants' counsel's proposed hourly rate of $550 per hour is reasonable.[1] Mr. Parness graduated from Columbia Law School in 1995 and has been a litigator for nearly 30 years, including years spent as an associate and a partner at different law firms and stints as the acting head of litigation at large corporations. *See*

---

[1] Plaintiffs' counsel does not object to Defendants' counsel's proposed hourly rate.

https://hiplaw.com/biography (Defendants' counsel's profile on his website) (last visited Nov. 27, 2023)[2]; *see also*, *e.g.*, *JLM Couture, Inc. v. Gutman*, No. 20-cv-10575 (LTS) (SLC), 2022 WL 17832303, at *6 (S.D.N.Y. Dec. 21, 2022) (finding $550 hourly rate reasonable for a partner "with primary responsibility litigating a dispute with breach of contract and intellectual property elements") (citing cases); *Glob. Brand Holdings, LLC v. Accessories Direct Int'l USA, Inc.*, No. 17-cv-7137 (LAK) (SLC), 2020 WL 9762874, at *7 (S.D.N.Y. May 29, 2020) ("other courts in this district awarding attorneys' fees in straightforward breach of contract actions have found partner rates in the range of $375 to $650 to be reasonable"), *adopted by* 2020 WL 13823745 (S.D.N.Y. Aug. 4, 2020).

The Court's review of both the billing record submitted and the docket sheet leads to the conclusion that the time expended by Defendants' counsel was largely reasonable and appropriate. That said, even recognizing that counsel reduced his billing entries on his own in certain instances, the Court finds that the requested fee award should be further reduced. In particular, the following billing entries warrant reduction:

- The billing entry for 10/3/2022 for .9 hours of time, or $495, for "Attn to deposition scheduling; revise and file letter w court" has only some connection to the Dismissed Plaintiffs. A review of the letter filed by Defendants' counsel on that date reflects that only one brief paragraph in the letter discusses the availability of Plaintiffs for depositions, noting, among other things, that Plaintiffs' counsel had been "unable to contact six of the eight Plaintiffs." ECF No. 144 at 1 (emphasis in original). The remainder of the letter discusses depositions of Defendants and a non-party and provides the agreed-upon deposition schedule as it stood at that point in time.

- The billing entry for 10/13/2022 for .3 hours of time, or $165, for "Court conference re deposition scheduling" has only some connection to the Dismissed Plaintiffs. The minute entry for that

---

[2] It appears from the firm website that Mr. Parness is currently working as a solo practitioner.

> conference states, "By 10/24/2022, the parties are to file (1) a joint letter, informing the Court of (a) their plan with respect to Plaintiffs Higgins, Rivera, and Zhang; and (b) the updated deposition schedule; and (2) a proposed revised case management plan. The deadline for the completion of all discovery remains 4/21/2023." Docket Sheet, Minute Entry dated 10/13/2022. It is apparent from the minute entry that subjects other than the Dismissed Plaintiffs were discussed at the conference.

- The billing entry for 11/9/2022 for .3 hours of time, or $165, for "Prep joint status letter to court re depositions" has only some connection to the Dismissed Plaintiffs. The letter, which was filed on 11/10/2022, provides a status update with respect to depositions, and only one of four items reported in the letter relates to the Dismissed Plaintiffs. See ECF No. 150.

- The billing entry for 11/29/2022 for .4 hours of time, or $220, for "Attn to scheduling responses for RFAs; finalize and file joint letter to court re deposition issues w exhibits [REDUCED]" has no apparent connection to the Dismissed Plaintiffs. The joint letter filed on that date relates to a corporate representative deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and contact information for a non-party. See ECF No. 151. There is no basis to conclude that the other work documented in that time entry, "Attn to scheduling responses for RFAs," relates to the Dismissed Plaintiffs.

While these four entries totaled 1.9 hours of billable time, the Court estimates from the descriptions that most of this time was spent on issues unrelated to the Dismissed Plaintiffs. Based on the foregoing, the Court reduces the fee award by 1.5 hours' worth of time ($825), from $3,960 to $3,135.

## CONCLUSION

For the reasons stated above, Defendants' application for an award of attorneys' fees pursuant to Rule 37(d)(3) of the Federal Rules of Civil Procedure is GRANTED, but the award is reduced to $3,135.

Because the responsibility for the failure of the Dismissed Plaintiffs to attend their depositions is equally shared by Plaintiffs' counsel and the Dismissed Plaintiffs, it is hereby

8

9

ordered that 50 percent ($1,567.50) of the attorneys' fee award must be paid by Plaintiffs' counsel, and 50 percent ($1,567.50) must be paid by the Dismissed Plaintiffs, with each Dismissed Plaintiff responsible for the payment of one-third of that amount ($522.50 each).

Dated: November 27, 2023
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge