UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELAINE AGHAEEPOUR, ANNE BARR, BRUCE
DRAGO, JULIE HIGGINS, SHANE MOORE,
MICHELE NORRIS, JESUS RIVERA, and HONG          Docket No.:
ZHANG,                                          7:14-cv-05449-NSR-AEK

                      Plaintiff,

     v.

NORTHERN LEASING SYTEMS, INC., MBF
LEASING, LLC, LEASE FINANCE GROUP, LLC,
LOUIS CUCINOTTA, JENNIFER CENTENO a/k/a
JENNIFER NUGENT, JAY COHEN, SARA
KRIEGER, JOSEPH I. SUSSMAN, and JOSEPH I.
SUSSMAN, P.C.,

                      Defendants.
-----------------------------------------------------------------X

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MEMORANDUM OF LAW REGARDING APPLICATION**
**FOR A FINDING OF CONTEMPT AND THE IMPOSITION OF SANCTIONS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

BACKGROUND ..................................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

CONCLUSION ........................................................................................................................ 5

# **TABLE OF AUTHORITIES**

**Cases**

*Hannah v. Walmart Stores, Inc.*, 803 F. App'x 417, 423 (2d Cir. 2020) ......................................... 2

*Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018).................................... 2, 3

*Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) ................................. 2

*Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 282-83 (2d Cir. 2021)...................................... 3

*Rosario v. Alex Torres Productions, Inc.*, 20-cv-2966 (E.D. Pa.) (ECF 34 (Nov. 23, 2021) ......... 4

*Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992).................................................................... 4

*Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999) ................................. 3

*Sierra Club v. U.S. Army Corps of Engineers*, 776 F.2d 383, 390 (2d Cir. 1985) ......................... 3

*United States v. Rangolan*, 464 F.3d 321, 322 (2d Cir. 2006)....................................................... 4

*West Virginia v. Chas. Pfizer & Co.*, 440 F.2d 1079, 14 Fed. R. Serv. 2d (Callaghan) 1360, 1971
    Trade Cas. (CCH) ¶ 73540, 1971 U.S. App. LEXIS 11067 (2d Cir. 1971)................................ 2

**Statutes**

18 U.S.C. § 401(1) ......................................................................................................................... 3

28 U.S.C. § 1927............................................................................................................................ 1

Plaintiffs Elaine Aghaeepour ("Aghaeepour") and Michele Norris ("Norris") (jointly referred to herein at "Plaintiffs") hereby provides the below opposition to Defendants application for a finding of contempt and the imposition of sanctions:

## BACKGROUND

Defendants filed their application for finding of contempt and imposition of sanction on June 25, 2024. The application was based off the Court's May 24, 2024, Order granting Defendants Third Motion in Limine. On March 28, 2024, Defendants filed a motion in limine to exclude any evidence concerning other legal proceedings from the trial in this matter. ECF 185-86 (Defendants' Third Motion In Limine). The Order excluded the admittance of the May 29, 2020 Judgment, Order and Opinion in *People v. Northern Leasing Systems, Inc.*, No. 450460/2016 (N.Y. Cty.) ("*People v. NLS*"). The trial in the present case began on June 17, 2024. At this time, there was ample discussion that took place in the court room, off the record, regarding the admittance of the excluded evidence from *People v. NLS*. It was determined through the court of the trial that the findings of fact from *People v. NLS* were to be admitted into evidence.

To make the record clear, Plaintiff maintains the position that the entirety of *People v. NLS* should be judicially noticed by the Court in the present case.

## ARGUMENT

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

"To impose sanctions under § 1927, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is,

1

motivated by improper purposes such as harassment or delay*." Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018); *Hannah v. Walmart Stores, Inc.*, 803 F. App'x 417, 423 (2d Cir. 2020).

There is no evidence in the record or otherwise that Plaintiffs brought their claims in bad faith. Plaintiff has set forth enough evidence on the record, as well as off the record for the Court to determine that a valid finding for the Plaintiffs is possible and likely to occur.

Imposition of sanctions of 28 USCS § 1927 is highly unusual and requires clear showing of bad faith. *West Virginia v. Chas. Pfizer & Co.*, 440 F.2d 1079, 14 Fed. R. Serv. 2d (Callaghan) 1360, 1971 Trade Cas. (CCH) ¶ 73540, 1971 U.S. App. LEXIS 11067 (2d Cir. 1971).

Section 1927 sanctions are imposed only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (citation omitted). Again, to impose monetary sanctions under § 1927, "a court must find clear evidence that (1) the offending party's *claims* were entirely without color, and (2) the *claims* were brought in bad faith -- that is, motivated by improper purposes such as harassment or delay." See *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) (citation omitted). When assessing an attorney's conduct, "[t]he question is whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts actually had been established." *Sierra Club v. U.S. Army Corps of Engineers*, 776 F.2d 383, 390 (2d Cir. 1985). The fact that judgment was entered against the party is "a necessary, but not a sufficient, condition for a finding of a total lack of a colorable basis." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999).

2

The record is devoid of any factual support for an assertion that Plaintiffs claims were brought forward without merit or in bad faith.

But when an attorney continues to defend a complaint even after learning of facts rendering the complaint "fatal[ly] flaw[ed]," he has engaged in bad faith conduct sanctionable under § 1927. *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 282-83 (2d Cir. 2021). The record is devoid of any factual support for an assertion that though litigation of the complaint, Plaintiff continued bringing forward claims where there could not be a valid finding for the Plaintiff.

Notably, in continuing forward on Defendants analysis of sanctions, Defendants provide case law from outside the Second Circuit that has no precedential effect on the present case. Nor does Defendant provide for why the Court should follow the non-precedent setting case law. The only precedential case law is on the measure of sanctions, leaving the foundation for the sanctions absent.

18 U.S.C. § 401(1) authorizes courts to punish the "[m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice." *United States v. Rangolan*, 464 F.3d 321, 322 (2d Cir. 2006).

The Supreme Court has made clear that a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons. *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992).

It is Defendants' view that Plaintiffs have violated the Court's Order, by referring to documents and information that was excluded from evidence by the Court's grant of Defendants' motion in limine.

3

The Court determined that the findings of fact from *People v. NLS* could be admitted into evidence. There were further discussions regarding the admittance of other evidence, previously excluded, with the proper foundation. Plaintiffs did not act in bad faith when they put their case before the court. Throughout the course of Plaintiff presenting their case to the jury, Defense counsel would file objections on the record without properly laying whether the objection was based on form or foundation. In many instances the Court would uphold the Defendants objection without clarification as to what the objection was to. Plaintiff would proceed only to face another objection, again without clarification. Defendants voluminous objections without clarification provided for a prolonged case in chief. Plaintiffs statements made to the court, as well as it's questioning of witnesses was not made in bad faith.

Defendants advise the Court that Plaintiffs' counsel was admitted pro hac vice in 2019. In 2021, Plaintiff's pro hac vice application was revoked in Pennsylvania. *Rosario v. Alex Torres Productions, Inc.*, 20-cv-2966 (E.D. Pa.) (ECF 34 (Nov. 23, 2021) (**Defendants Exhibit A**). Plaintiff is currently awaiting the ability to appeal the result as there has not been a final order on the matter. Plaintiffs' counsel was never issued monetary sanctions in *Rosario*. The local counsel that was appearing in *Rosario* was sanctioned for his own apparent misconduct. Due to Plaintiffs' counsels association with the local counsel in the matter, Plaintiffs' counsel's pro hac vice was revoked for that case. The local counsel in that matter faced disciplinary action as a result of their actions in *Rosario*[1]. To Plaintiffs' knowledge, the disciplinary action remains pending.

It was never Plaintiffs' intention to mislead the Court. Plaintiffs counsels pro hac vice application was provided with full accuracy at the time of filing. A final order has not yet been

---

[1] Pennsylvania Attorney Discipline Board Case No. 80-DB-2022.

4

issued in *Rosario* allowing Plaintiffs' counsel to appeal the pro hac vice being revoked due to another attorneys action. A step that Plaintiffs' counsel will be taking immediately following an appealable order.

## CONCLUSION

    Defendant has failed to bring forward evidence that Plaintiffs have acted in bad faith. As such, Defendants motion for sanctions should be denied in its' entirety.

Dated: July 1, 2024                                Respectfully Submitted,

Keith Altman, Esq. (*admitted pro hac vice*)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Tel: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorney for Plaintiffs*